MARY P. FORTSON v. GEO. F. ALFORD.

(Case No. 1594.)

1. BILL OF REVIEW — PROBATE COURT.— The probate courts of the state may, on a proper application of a party in interest, correct by bill of review their own judgments when procured by fraud.

2. SAME — FRAUD.— When jurisdiction has rightfully attached in one county, over both the subject-matter and the parties in interest, and by the concealment, deception and fraud of one of the parties, the county court of another county is afterwards, and pending the first suit, induced to assume jurisdiction, and make orders disposing of the land of an estate involved in the first suit, such county court may, upon the application of a party in interest, properly presented, review its former action and vacate its orders. See the facts of this case as set forth in the statement and opinion for an illustration of the principle.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

The following statement, taken from brief of counsel for appellant, was adopted by the commission of appeals as their statement of this cause to the supreme court:

Geo. F. Alford, the appellee, was administrator of the estate of John E. Cravens, father of appellant, which was pending in the probate court of Anderson county, and finally closed in the year 1880.

In July, 1879, Alford, on his application, was appointed guardian of the minor Earle Cravens, sister of appellant Mary P. Fortson — these two sisters being the sole heirs of their father, John E. Cravens.

The minor, Earle Cravens, died in April, 1880.

In July, 1880, Alford filed his final account as guardian for settlement, setting forth an indebtedness due by the estate of about $1,500 or $1,600; $1,000 of which was due the guardian for advances, expenses of last sickness; the remainder due for court costs and attorneys' fees. That final account further set forth that all of the assets left to pay the indebtedness were four tracts of land, the remainder of the twenty-three tracts belonging to the ward having been conveyed before her death to W. G. Veal in trust for other parties, which he asked the sale of to pay the debt of the estate.

This final account was contested by appellant joined by her husband (then alive), and resulted in a decree of the probate court of Anderson county in July, 1880, refusing to recognize or sanction the conveyance of five thousand four hundred and four acres of land to Veal, trustee, but approving and confirming the amount

claimed by guardian as due by the ward's estate for the sum of $1,569.86, including $200 due T. J. Williams, attorney, and court costs; further directing that the guardian retain in his hands as security for the amount seven tracts of the ward's land, subject to the further order of the court.

The cause was appealed by Alford to the district court of Anderson county.

On 4th March, 1882, this appeal coming on for trial in the district court was consolidated with an original suit brought by appellant and her late husband in that court against Veal, trustee, and others, and after being tried, etc., there was a judgment rendered in favor of appellant setting aside the conveyance of the land to Veal, adjudging that appellant was entitled to all of the estate of her sister as sole heir, adjusting and settling the sum allowed by the county court, viz., $1,569.86, as the amount of indebtedness due from the estate to the guardian, Alford, and directing him to retain seven tracts of land, describing them, as security for the payment of the claim, but subject to the future order of the court, and ordering the guardian to turn over all the balance of the estate to appellant.

An appeal was prosecuted from this judgment by Alford (by executing a cost bond which did not suspend judgment) to the supreme court.

This judgment was affirmed by the supreme court in case of Veal v. Fortson, reported in 57 Tex., p. 482.

In September, 1880, after the judgment of the probate court of Anderson was rendered, settling the final account of the guardian of Earle Cravens, and whilst the matter was pending on appeal to the district court, Alford, guardian, made application to the county court of Dallas county sitting in probate, and was appointed administrator of Earle Cravens, deceased.

This was without the knowledge or consent of appellee, who lived in a distant county.

The application was granted on the ground that the estate was considerably indebted to the administrator, and Alford was appointed administrator by said probate court, and the administration remained open and pending until May, 1882. During this time the administrator reported that an indebtedness of $1,569.86 existed, which was the same claim already allowed, adjudicated and settled by the county court of Anderson county; to settle which indebtedness he obtained an order of sale for four tracts of land belonging to the estate, which it was alleged in plaintiff's petition were of the reasonable value of $3,000, which he sold for the sum of $700, and

had applied for an order to sell additional lands, when, the fact of administration coming to appellee's knowledge, she filed, February 28, 1882, her application, in substance a bill of review to rehear and correct the former orders made in the probate court of Dallas county, and to rescind and annul all former orders made therein.

This was the beginning of (the second) litigation between appellant and appellee.

After a general demurrer and a general denial filed by defendant Alford, the cause was tried by the probate court of Dallas county on the merits, and a judgment was rendered therein, 22d May, 1882, revoking and annulling the former orders granting letters and all sales of land and approval of debts in connection therewith, and removing the administrator upon the ground that the court had no jurisdiction in the premises.

This was appealed to the district court of Dallas county by appellee, and being tried and heard on the general demurrer to plaintiff's petition, the demurrer was sustained, and, plaintiff declining to amend, the suit was dismissed, and it was ordered that the decision be certified to the probate court for observance.

From that judgment this appeal was taken.

*Read & Read* and *Field & Johnson*, for appellant, on the jurisdiction of the county court of Dallas county over the subject-matter, cited: Newson *v.* Chrisman, 9 Tex., 111; Wall *v.* Clark, 19 Tex., 324; Janson *v.* Jacobs, 44 Tex., 575; Franks *v.* Chapman, 2 Law Rev., 53; Timmins *v.* Bonner, 1 Tex. Law Rev., 130; Young *v.* Gady, Supreme Court, Austin Term, 1884; 3 Law Rev., 45; Withers *v.* Patterson, 27 Tex., 494; Fisk *v.* Norvel, 9 Tex., 13; McMahan *v.* Rice, 16 Tex., 335; Marks *v.* Hill, 46 Tex., 346; Duncan *v.* Veal, 49 Tex., 610; Murchison *v.* White, 54 Tex., 84.

On the power of the county court to revise its orders by bill of review, they cited: Thouvenin *v.* Rodrigues, 24 Tex., 480; Giddings *v.* Steele, 28 Tex., 757; Murchison *v.* White, 54 Tex., 84; McMahan *v.* Rice, 16 Tex., 338; 35 Tex., 668; Freeman on Judg., secs. 336, 490, 491, and notes.

*M. Barksdale* and *Jeff. Word,* for appellee, cited: Timmins *v.* Bonner, 58 Tex., 554.

WATTS, J. COM. APP.— As our present constitution does not confer upon district courts original jurisdiction and control over county courts when acting in the capacity of courts of probate, the perti-

nent question arises in this case as to the power of the courts of probate to entertain bills of review, and to revise or annul their own orders, decisions or decrees. In Franks *v.* Chapman, 60 Tex., 576, it was in effect held that the district courts had no original jurisdiction or control over probate courts, but that their power in respect to probate courts was appellate only; and that courts of probate had the power to entertain bills of review and to annul in that way their own decrees probating wills.

It is provided with respect to guardianships that " Any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein." R. S., art. 2716.

The primary rule of construction to be applied to the Revised Statutes is that they " shall be liberally construed with a view to effect their objects and to promote justice."

And it would seem from the nature of the subject, as well as the organization and powers of our several courts, that such a power is inherent in the court. That is, where a probate court has committed an error in its decisions, orders or judgments, or where the court has been imposed upon and induced to act by the deceit or fraud of a party, upon bill of review, duly presented by a party at interest, the court has the power to correct the error, and annul all such acts as were procured by fraud, provided the rights of innocent third parties have not interposed.

In this case the appellant alleged two grounds for revising and annulling the orders, judgments, decrees and other proceedings had in the county court of Dallas county, in the estate of Earle Cravens, deceased. In the first place, it is claimed that as the county court of Anderson county had jurisdiction of the matter of the guardianship of Earle Cravens, deceased, and that the same was then in process of final settlement, the county court of Dallas county had no power or jurisdiction of the estate, and its orders with reference thereto were void. And in the second place, it is claimed that Alford procured the appointment of administrator of the estate of Earle Cravens, deceased, by practicing a fraud upon the county court of Dallas county; that he purposely kept from that court the fact that proceedings were pending in the courts of Anderson county with respect to the ownership of the property and Alford's claim against the estate.

Our statute provides that " the guardian of a minor continues in office, unless sooner discharged according to law, until the minor ar-

rives at the age of twenty-one years, or, being a female, marries, or until such minor shall die." R. S., art. 2512.

The statute also provides for the settlement of the guardianship in case of the death of the ward. Title 47, chap. 18, R. S.

Mr. Schouler in his work on Domestic Relations, page 424, says: "Death of the ward necessarily terminates the guardianship. And after the ward's death the guardian's only duty is to settle up his accounts and pay the balance in his hands to the ward's personal representatives, whereupon his trust is completely fulfilled."

As to the power of the court, on final settlement, after the ward's death, to order a sale of land to reimburse the guardian for expenses incurred during the guardianship, no opinion is expressed.

It appears that when called upon for a final settlement of the guardianship of Earle Cravens, Alford asserted a claim against her estate for the sum of $1,615.96, and asked the court that he be permitted to retain four tracts of land to secure the payment thereof. Upon the hearing his claim was allowed for the sum of $1,569.86, and the court directed him to retain seven tracts of land to secure its payment. From that judgment Alford appealed to the district court, in which a suit was then pending by appellant against Alford and others, involving the title to all the lands which belonged to Earle Cravens at the time he was appointed her guardian. These cases were consolidated, and a trial resulted in a judgment in favor of appellant, establishing her right as sole heir to all the land, also allowing the claim of Alford, and permitting him to retain the seven tracts of land to secure its payment. An appeal was then taken to the supreme court, and the decision reported under the style of Veal v. Fortson, 57 Tex., 488, and in which Chief Justice Gould remarked that: "It is claimed that the court erred in ordering seven tracts of land to be retained by the guardian, and the balance to be turned over to the plaintiff. It must be recollected that one branch of the case is an appeal from an order of the county court, and that the guardian had asked of the county court an order that he retain four tracts of land. It is not perceived that he can complain because the district court on appeal allowed him to retain seven instead of four tracts of land. Notwithstanding the death of the ward, the county court, or, on appeal from the county court, the district court, had authority to settle the accounts of the guardian. No administration on the ward's estate was necessary, and in such case there is authority for the court to order the estate turned over to the heir. However, in this case the court made no order for the sale of any of the land, and no question as to its power to do so is before us."

All the parties at interest were before the court when these proceedings were had in Anderson county. The courts there had jurisdiction of the entire subject-matter of the estate of Earle Cravens, deceased, appellant's asserted right thereto, and Alford's claim against the estate. Upon Alford's own application, and it seems without any objection upon the part of appellant, he was permitted to retain control of seven tracts of land which were adjudged to belong to appellant, to secure the payment of his claim. And by the terms of the decree the appellant had the right to pay off the claim and thereby secure the possession of the seven tracts of land. But Alford, by his appeal to the district court, suspended appellant's right to pay the claim and secure control of the land, or at least rendered the exercise of that right doubtful.

Under such state of case, certainly the county court of Dallas county would have no jurisdiction or power over the subject-matter of the litigation then pending in the courts of Anderson county.

According to the allegations in the petition, pending the litigation in Anderson county, and after the county court had directed Alford to retain control of the seven tracts of land to secure the payment of his claim, and after he had appealed to the district court, Alford, without the knowledge of appellant, and with intent to injure her, by deception and fraud practiced upon the county court of Dallas county, secured to himself the appointment as administrator of the estate of Earle Cravens, deceased. And in fraud of the rights of appellant, and without her knowledge, secured an order of sale for the lands adjudged to appellant, and pretended to sell the same to A. N. Alford, and in the same manner secured an order confirming the pretended sale. That A. N. Alford, at the time of his pretended purchase, was a party to, and cognizant of, all the litigation pending in Anderson county with reference to said estate; and that he combined and confederated with Geo. F. Alford for the purpose of defrauding appellant out of said land.

Upon these allegations, aside from the question of want of jurisdiction or power in the county court of Dallas county, appellant was entitled to a hearing.

Our conclusion is that the judgment ought to be reversed and the cause be remanded.

REVERSED AND REMANDED.