## J. H. EDWARDS v. M. P. HALBERT ET AL.

(Case No. 5371.)

1. PROBATE — JURISDICTION — INNOCENT PURCHASER.— A sale of land belonging to a deceased minor's estate was made to satisfy the debts of the estate; the proceedings were all regular and under the order of the probate court of D. county. Afterwards one of the heirs brought a bill of review in the probate court of D. county to correct the orders made in that court, on the ground that, when letters of administration were granted in D. county, there was pending a decree of the district court of A. county, fully adjusting all rights and interests in the estate; that at that time an appeal to the supreme court was pending, taken by that heir against the administrator, who, as guardian of the deceased minor, was settling up his account in that court, and that the latter fraudulently procured administration in D. county for the purpose of preventing the decree of the court of A. county from being enforced. *Held:*

(1) That the county court had jurisdiction to review and set aside its orders in a proper case; and as between the parties whose interests were involved in the litigation, on the case as it was made and presented, the county court did not have jurisdiction to grant letters of administration. Fortson *v.* Alford, 62 Tex., 576.

(2) That the jurisdiction of the county court in the abstract, over the subject-matter, could not be questioned. The statute itself recognizes the administration of the estate of the deceased ward, etc. R. S., arts. 2682, 2683, 2686.

(3) That as to third persons, strangers to the litigation in A. county, the administration in D. county was not a nullity.

(4) That since the sale was made prior to the filing of suit to set aside the proceedings in the county court of D. county, it gave a good title to the purchaser, unless he had notice of the facts which questioned the jurisdiction of the court.

(5) That if the purchaser had notice of such facts, still his vendee would be protected in case he paid a valuable consideration and bought without notice and without being put on inquiry.

(6) That the county court having jurisdiction of the subject-matter of the administration, its confirmation of the sale would be conclusive in a collateral proceeding where the record did not affirmatively show that the jurisdiction did not attach. Murchison *v.* White, 54 Tex., 78.

APPEAL from Ellis. Tried below before the Hon. Geo. N. Aldredge.

This is an action of trespass to try title brought by Mary P. Fortson, October 1, 1884, against J. H. Edwards, to recover fifty-four and one-half acres of land in Ellis county, a part of the Hamby Harris three hundred and twenty-acre survey. Pending the suit the plaintiff married H. A. Halbert, who is joined with her as coplaintiff. Defendant answered by plea of general denial, "not guilty," and a claim for valuable improvements made in good faith.

Trial was had without a jury; judgment for the plaintiff for the land, and adjudging the defendant $217 as the value of his improvements.    From this judgment the plaintiff appealed and assigns errors.

For full statement of facts see Fortson v. Alford, 62 Tex., 576.

*J. W. Ferris*, for appellant, on the title of purchaser at a judicial sale, cited: Harle v. Langdon, 60 Tex., 562, and cases cited; Freem. on Judg., sec. 484.

On jurisdiction and innocent purchasers, he cited: R. S., arts. 1789, 1792, 1874; Guilford v. Love, 49 Tex., 736; 18 Tex., 179; Murchison v. White, 54 Tex., 82, and cases cited; Burdett v. Silsbee, 15 Tex., 618–620; 2 Pet., 168; 2 Wall., 216; 2 How., 319; Freem. on Judg., sec. 509; Alexander v. Maverick, 18 Tex., 195.

*F. N. Read*, for appellees, cited: Fortson v. Alford, 62 Tex., 576; Veal v. Fortson, 57 Tex., 488; Munson v. Newson, 9 Tex., 111; Withers v. Patterson, 27 Tex., 494; Fisk v. Norvel, 9 Tex., 13; 49 Tex., 610; 54 Tex., 84; The State v. Wygall, 2 Tex. Law Review, 138; Johnson v. Timmons, 50 Tex., 521; Littleton v. Giddings, 47 Tex., 109; 29 Tex., 216; Harle v. Langdon, 60 Tex., 562.

Walker, P. J. Com. App.— The plaintiff claimed title as heir of her deceased sister, Earle E. Cravens, who died in Dallas county, Texas, in April, 1880.    The defendant claimed title under a probate sale under an order of the county court of Dallas county, Texas, where the estate of Earle E. Cravens, deceased, was then being administered, George F. Alford (late guardian of said Earle E. Cravens during her life-time) being the administrator.    Earle E. Cravens, therefore, was the common source of title.    No question is made as to the regularity of the proceedings of the probate sale and its confirmation.    It was made on an application to pay debts, and one A. N. Alford became the purchaser, and the sale was duly confirmed. Order of sale was made January 22, 1881; the sale was made under it, and on April 7, 1881, the sale was confirmed and title deeds ordered to be executed.    On April 15, 1881, A. N. Alford sold to Edwards, the appellant; the latter paid the purchase price, $400, and made improvements on the land of the value of $217, before having notice of plaintiff's claim.

Subsequent to all these proceedings, viz., February 28, 1882, Mary P. Fortson (now Mrs. Halbert) brought in the county court of Dallas county a bill of review to correct the former orders made in that

court in reference to the administration of said estate, and to re-scind and annul all orders made therein. The grounds on which that suit was brought are traceable through a rather tedious his-tory, the details of which are not necessary to be set out here for the due consideration of the questions to be decided on this appeal; they will, however, be fully seen by referring to the cases of Veal v. Fortson, 57 Tex., 482, and Fortson v. Alford, 62 Tex., 576, but more especially to the case last cited. The gravamen of the bill of review was to show that there existed no necessity to administer the estate of Earle E. Cravens, deceased, in Dallas county, because there was pending at the time of the granting of letters of admin-istration a decree of the district court of Anderson county fully ad-justing all the rights and interests of all persons interested in that estate; that at that time an appeal to the supreme court was pend-ing, taken by said Mary P. Fortson against said George F. Alford; and that said George F. Alford had proceeded to obtain said admin-istration on the estate aforesaid fraudulently, and in effect for the purpose of indirectly preventing the decree rendered in said suit in Anderson county district court from being enforced according to its meaning and intent. The supreme court, in Fortson v. Alford, supra, held that the county court had jurisdiction to review and set aside its orders in a proper case, and the opinion, properly interpreted according to its meaning, held that, as between the parties whose interests were involved in the litigation, on the case as it was made and presented, the county court did not have jurisdiction to grant letters of administration. The opinion says: "Under such state of case, certainly the county court of Dallas county would have no jurisdiction or power over the subject-matter of the litigation then pending in the courts of Anderson county."

As respects the jurisdiction of that court in the abstract, over the subject-matter, that is quite a different thing. Such jurisdiction as that is not to be questioned. The statute itself recognizes an ad-ministration of the estate of a deceased ward, and it provides also in case of such death, for the final settlement of the guardian's account. Arts. 2682, 2683, 2686, R. S.

As far as concerned third persons, strangers to the matters in-volved in the litigation in the district court of Anderson county, the administration in Dallas county was not a nullity. The court had jurisdiction of the subject-matter, and innocent third persons would not be affected by those considerations which were involved in the case of Fortson v. Alford, supra.

This sale was made long before the filing of the suit to set aside

the orders and proceedings had in the administration of the estate in the county court of Dallas county. If A. N. Alford was a purchaser without notice of the facts which questioned the jurisdiction of the county court as complained of in the case of Fortson v. Alford, *supra*, or if the defendant Edwards, without such notice, or the knowledge of any fact that would put him on inquiry and which would lead him to a knowledge of such facts, paid a valuable consideration for the land, he would be protected as an innocent purchaser. Harle v. Langdon's Heirs, 60 Tex., 562.

The county court had jurisdiction of the subject-matter of administration of the estate of Earle E. Cravens, and its confirmation of the sale would be conclusive in a collateral proceeding where the record does not affirmatively show that its jurisdiction did not attach. Murchison v. White, 54 Tex., 82, 84, 85, and authorities there cited. As to the effect of a reversal of a judgment upon a sale made under the judgment before it is reversed, showing that the purchaser will be protected, see Freeman on Executions, 345; Freem. on Judgm., sec. 484; Rorer on Jud. Sales, sec. 179.

A purchaser is not bound to look further back than the order of the court. Burdett v. Silsbee, 15 Tex., 618, 619, 620; Freem. on Judg., sec. 509. He must inquire, however, at his peril to see that the court had jurisdiction to make the order, and if it had, a stranger buying at a judicial sale under it will be protected. See Freem. on Judg., sec. 509.

We are of opinion that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 16, 1885.]*

---

* This opinion should have appeared among the cases of the Austin Term, 1885.