GEORGE EATWELL, ADMINISTRATOR, v. JOHN ROESSLER.

Decided October 21, 1904.

**Jurisdiction of County Court—Probate Matters—Action to Set Aside Judgment.**

The fact that a judgment sought to be vacated had been allowed and classified by the county judge, sitting as a court of probate, as a valid claim against an estate, did not take from the county court jurisdiction to hear and determine a suit to set aside such judgment on the ground of fraud and perjury in its procurement.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree.

*Stanley Thompson,* for appellant.

*J. H. Davenport,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant to set aside a judgment of the County Court of Harris County in favor of appellee and against appellant as administrator of the estate of George E. Morse, deceased, rendered in cause No. 5499 on the docket of said court. The petition alleges that said judgment was obtained by fraud and perjury and that the appellant did not discover the fraud and perjury until after the adjournment of the term of the court at which the judgment was rendered, and was therefore prevented from obtaining a new trial by motion filed in the original suit.

The appellee filed in the court below a motion to dismiss plaintiff's suit for want of jurisdiction. This appeal is from the judgment of the trial court sustaining said motion and ordering plaintiff's suit dismissed.

The motion to dismiss was based upon the following grounds: "Because this court has no jurisdiction in law or in equity to hear and determine said cause, in this: The judgment sought to be reopened and set aside herein was, on September 10, 1903, and prior to the filing of this suit, presented to this court and allowed as a claim against the estate of George E. Morse, deceased, payable as a fourth-class claim, for the sum of two hundred and fifty-six and sixty-seven 100 ($256.67) dollars in defendant's favor, and from which order of approval no appeal was taken by plaintiff, nor any other person, all of which more particularly appears by a transcript from the claim docket of this court hereto attached and made a part hereof, marked exhibit B; and said order of approval is now a valid and subsisting judgment in probate, and as such this court has no legal or equitable power to hear or determine this proceeding in this court to reopen said judgment, grant a new trial thereon, nor grant any of the relief prayed for by the plaintiff in this proceedings. Wherefore plaintiff prays that this action be dismissed for want of jurisdiction in this court to hear and determine

the same, and that defendant recover his costs herein, including the cost of this motion."

The facts set up in the motion do not defeat the jurisdiction of the court below to hear and determine appellant's suit and constitute no ground for its dismissal.

A suit to set aside a judgment can only be brought in the court in which the judgment sought to be set aside was rendered. The fact that the judgment sought to be vacated had been allowed and classified by the county judge sitting as a court of probate, as a valid claim against the estate of Morse, did not take from the County Court the jurisdiction to hear and determine appellant's suit to set aside said judgment.

It would not be competent in a proceeding to vacate the order of the probate court allowing and classifying the judgment as a claim against the estate of Morse to show that said judgment was obtained by fraud. This would be a collateral attack upon the judgment, and is only permissible against judgments that are void upon their face. It follows that in order to have the order allowing the judgment as a claim against the estate vacated on the ground that said judgment was obtained by fraud, the judgment must first be set aside by a direct proceeding brought for that purpose in the court in which it was rendered. This is what appellant is attempting to do, and the court below should not have sustained the motion to dismiss the suit for want of jurisdiction. The question of the sufficiency of appellant's petition either as against a general or special demurrer is not presented for our decision and is not passed upon.

Because of the error in sustaining the motion to dismiss, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*