**JOHNSTON et al. v. STEPHENS et al.** *
(No. 3438.)

Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1927.

Rehearing Denied Nov. 17, 1927.

1. **Judgment ☞511—Judgment in partition suit valid on its face was not void, even though there was fraud in its procurement (Rev. St. 1925, arts. 3598–3607).**

Where probate court, under Rev. St. 1925, arts. 3598–3607, had jurisdiction of subject-matter and of persons of interested parties in partition proceeding, judgment of partition valid on its face was not void, even though there was fraud in its procurement, but was voidable only.

2. **Judgment ☞486(1)—Judgment valid on its face can be attacked only in direct proceeding.**

A judgment valid on its face can be attacked only in a direct proceeding instituted for that purpose.

3. **Judgment ☞521—Suit in district court to set aside judgment of probate court is "collateral attack," notwithstanding pleading may directly assault judgment.**

Suit in district court to set aside judgment of partition of probate court is a "collateral attack" on judgment, notwithstanding form of pleading may be direct assault on judgment complained of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

4. **Courts ☞481—When time of appeal to district court from judgments of probate courts has passed, district courts have no jurisdiction to set aside probate courts' orders.**

Though district courts may review orders and judgments of probate courts on appeal or certiorari, when time within which appeal may be prosecuted has passed, district courts have no jurisdiction to set aside probate courts' orders.

5. **Courts ☞204—District court having jurisdiction over guardians, executors, and administrators nevertheless has supervisory power over probate courts only through appeal.**

Notwithstanding that Constitution confers on district courts jurisdiction over guardians, executors, and administrators, district courts are not endowed thereby with general supervisory power over probate courts otherwise than through appeal prosecuted within time allowed.

6. **Courts ☞481—County court being empowered after term to reopen its judgments for fraud, no rule of necessity requires district court to assume jurisdiction to set judgment aside.**

Since county court has authority after close of term to reopen its own judgments for fraud, there is no rule of necessity which requires a district court to assume jurisdiction of an action to set aside judgment of probate court.

7. **Courts ☞481—District court is empowered to enjoin execution of judgment of another court, void on its face.**

The district court is empowered to enjoin execution of a judgment by another court, when such judgment is void on its face.

8. **Judgment ☞464—Where judgment was fraudulently procured, district court may ingraft trust on property in hands of beneficiary of fraud, but leaves judgment undisturbed.**

District court may, in cases of fraud in procurement of a judgment, give appropriate relief by ingrafting a trust on property in hands

of the beneficiary of the fraud, but its powers are applied to person of wrongdoer, and it leaves orders or judgments undisturbed.

**9. Partition ⊚═══95—Where beneficiary of irregularity in partition was not responsible therefor, it would be inequitable to disturb its title (Rev. St. 1925, arts. 3598–3607).**

Where, under Rev. St. 1925, arts. 3598–3607, administrator had nothing to do with actual division of land when commissioners were appointed to make division, and it was not shown that beneficiary of alleged wrong in setting apart land to it participated in alleged fraud, it would be inequitable to disturb title of beneficiary because of alleged irregularity for which it was not responsible.

**10. Judgment ⊚═══460(4)—Party, seeking to set aside judgment for fraud, should allege he was ignorant of fraud, or was prevented from contesting proceedings.**

Party seeking to reopen and set aside judgment for fraud, should allege that he was ignorant of fraudulent conduct at time it occurred, or that he was in some way prevented from contesting proceedings which resulted in unjust order or judgment.

**11. Evidence ⊚═══82—Presumption in favor of validity of order involves presumption that proper notice was given and interested parties had opportunity to examine commissioners' report (Rev. St. 1925, arts. 3598–3607).**

On appeal from order sustaining demurrer to petition to set aside partition order, it must be presumed in favor of validity of order that proper notice was given, as required by Rev. St. 1925, arts. 3598–3607, and that parties interested in estate to be divided had opportunity to examine commissioners' report and contest its fairness before probate court finally acted on it.

**12. Partition ⊚═══94(2)—Failure of ancestor to contest fairness of partition concluded right of his heirs to contest.**

Since plaintiffs' ancestor was given opportunity to examine report of commissioners who partitioned land and contest its fairness before report was adopted by probate court, his failure to do so would conclude right of his heirs as effectively as though heirs themselves had failed to examine the report.

Error from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by John B. Johnston and others against W. H. Stephens and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Lasseter & Simpson, of Tyler, for plaintiffs in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, and G. W. Gibson, of Jacksonville, for defendants in error.

HODGES, J. The plaintiffs in error in this case are the children and only heirs of Wm. Johnston, who died some time prior to 1912. They filed this suit in the district court of

Cherokee county to set aside certain orders of the probate court of that county and for a repartition of land in which they claim an interest. The facts upon which they rely are, in substance, as follows: Annie S. Johnston, a feme sole, died at Mt. Selman, in Cherokee county, in September, 1901. At the time of her death she owned the following described property:

"One lot in Mt. Selman containing two acres of land and improvements; one tract of land in the adjoining Jordan league in Cherokee county containing 134 acres; one tract in the same league containing 100 acres; another tract in the same league containing 25 acres; one tract in the same league consisting of an undivided interest of 87.7 acres."

She left a will devising her property as follows: To her niece Annie S. J. Stephens the home occupied at the time of making the will, and two acres of land; to another niece, Margaret Johnston, a life estate in 100 acres of land adjoining her homestead. That bequest contained the following provision:

"I wish my niece Annie S. J. Stephens and Col. Wm. J. Horssley, of Greenville, to manage it for her during her lifetime, and at her death for it to go to her brother Willie (the father of the plaintiffs in error), or to one or more of his children, whichever she prefers leaving it to."

The remainder of her property testatrix devised to the Protestant Episcopal Church. James Stinson, of Wood county, was named as executor. Upon his refusal to accept the appointment, W. H. Stephens, husband of Annie S. J. Stephens, applied for letters of administration with the will annexed. His application was granted and he qualified as required by law in May, 1902. Willie Johnston, the father of the plaintiffs in error, died during the lifetime of Margaret Johnston, the life tenant. The latter died in 1912 without naming any other party as the beneficiary of the remainder following her life estate.

It is alleged that Stephens, the administrator, made application to the probate court for a partition of the real estate among the devisees. The commissioners appointed in response to his application made a report on the 18th day of January, 1905, in which they described by metes and bounds the property which they had divided among the distributees. The inference from the petition of the plaintiffs in error is that this report of partition was approved by a proper decree entered upon the records of the probate court in the course of the administration.

Plaintiffs in error allege, however, upon information and belief that prior to the time the estate was partitioned W. H. Stephens had contracted to purchase from the Episcopal Church its interest in the estate, and did purchase the same soon after the partition

was made. In making the partition Stephens fraudulently, and with the intent to render that part of the property set apart to the plaintiffs in error and their ancestor worthless and of no value, caused the partition to be made in such a manner that the church and Annie S. J. Stephens, wife of the administrator, received practically all the land that was of any value. That part of the land which was set apart to the plaintiffs' ancestor was surveyed so that it would take in all of the roads, gullies, hills, and waste land belonging to the estate of the decedent, and so that practically all of the good land was set apart to the church and to Annie S. J. Stephens. The land was not partitioned in accordance with the provisions of the will, which required 100 acres to be set apart to the plaintiffs' ancestor adjoining the former residence of Annie S. Johnston, but was fraudulently divided and partitioned so that the church and the wife of W. H. Stephens, the administrator, received practically all of the land adjoining the former residence of the decedent and left for the ancestor of plaintiffs 100 acres which is of little value.

It is further alleged that soon after the partition Stephens purchased the land bequeathed to the church, and on or about June 9, 1922, he and his wife conveyed their interest in the Annie S. Johnston land to their son W. C. J. Stephens, who is now claiming it. The land was conveyed by Stephens and wife to their son without any consideration, but as a gift. Annie S. J. Stephens and W. C. J. Stephens now own all of the land set apart and bequeathed by the decedent to the beneficiaries in the will. It is further alleged that Margaret Johnston died without having exercised her power of appointment; that her brother Willie Johnston, the remainderman, died prior to her death, leaving children, who bring this suit. The petition concludes with the following prayer:

"That said decree of partition be set aside and held for naught, and that said land be repartitioned in accordance with the terms of said will; that this court appoint commissioners to equitably and justly partition said land between the plaintiffs and defendants; for costs of suit and for such other and further relief, both general and special, as they may be entitled to receive."

The defendants in error answered by a general demurrer and a general denial and specially pleaded stale demand and limitation. The demurrer was sustained, and, upon the refusal of the plaintiffs in error to amend, their suit was dismissed.

In this appeal this suit is treated by both parties as one in the nature of a bill of review in which it is sought to have the district court set aside and annul a probate order entered by the county court more than 20 years ago. After stating the material facts leading up to what purports to be the report of commis-

sioners appointed by the county court to make a partition of the property involved in that proceeding, the plaintiffs' amended original petition contains the following:

"The defendant W. H. Stephens, purporting to act as administrator of said estate with the will annexed, caused certain persons to be named as partitioners of said estate and had the same partitioned, said decree of partition being as follows."

Immediately following that statement is what appears to be the report of the commissioners appointed by the probate court in those proceedings to make a division of the property belonging to the estate then being administered. This report contains a description of the allotments made to the different claimants interested in the property. Nowhere is it alleged that the report was ever presented to the probate court or was ever examined and approved as required by law. If any final order was ever entered in the partition proceedings, that fact is not clearly stated. The complaint is that Stephens, the administrator, fraudulently caused an unfair division of the land to be made by the surveyor who ran the lines of subdivision. It is not alleged that Stephens in any other manner influenced the action of the probate court in examining the report of the commissioners, or that he did anything to prevent a full inquiry into the fairness of the division made and reported by the commissioners.

It seems that one who seeks to set aside a judgment for some cause affecting its validity should allege with reasonable certainty that such a judgment had been entered. In this case it is apparently assumed that the order of partition had been entered, without directly stating such entry as a fact.

But waiving that objection and treating the plaintiffs' amended petition as sufficiently presenting an application in the nature of a bill of review to set aside for fraud an order of the probate court approving the report of the commissioners of partition, the question before us is, Did the trial court err in sustaining the general demurrer to the petition? The appropriate provisions of the statute relating to the partition of estates in the course of administration are, in substance, as follows:

Any one interested in an estate may make a written application for its partition and distribution. Such application must state the name of the person whose estate is sought to be partitioned and distributed, and the names and residences of all persons entitled to share in such estate. Upon the filing of such an application citation shall be issued by the clerk, returnable to the regular term of the court. The citation must state the name of the person whose estate is to be partitioned and distributed, and the term of the court at which the citation was to be returned, and shall require all persons inter-

ested in the estate to appear and show cause why such partition and distribution should not be made. Personal service of such a citation is required. After service of the citation the court shall ascertain whether the whole or any part of such property is susceptible of partition, and other preliminary conditions essential to a division. After having determined that partition is proper, the court shall ascertain (1) the residue of the estate subject to partition and distribution, (2) the persons who are by law entitled to partition and distribution, and their respective shares, and (3) whether advances had been made to any persons entitled to distribution, etc. The court shall then proceed to enter a decree which shall state the name and residence of each person entitled to share in the estate, and the proportionate part to which each is entitled. The order shall also contain a description of the estate to be distributed, and shall direct the executor or administrator to retain in his hands for the payment of all debts and expenses a sufficient amount of money or property for that purpose, specifying the amount of money or the property to be so retained. If the estate does not consist entirely of money or debts due the estate, or both, the court shall appoint three or more discreet and disinterested persons as commissioners to make the partition and distribution. After their appointment and notification the commissioners shall make a fair, just, and impartial division of the estate, allotting to each distributee that portion of the property to which he is entitled. Thereafter the commissioners shall make to the court a written sworn report containing a statement of the property divided by them, and also a particular description of the property allotted to each distributee, and its value; and, if the property be real estate, the report shall contain a general description of the land, with the division lines plainly set down, and the number of acres in each share. Upon the return of such report the court at some regular term shall examine the same carefully and hear all exceptions and objections thereto, and evidence in favor of or against the same. If the report be informal in any respect, such informality shall be corrected. If such division shall appear to have been fairly made according to law, and no valid exceptions are taken to it, the court shall approve it and order it to be recorded, and shall also enter a decree vesting title in the distributees to their respective shares or portions of the property set apart to them by the commissioners. If the court should conclude that the division is unfair, he may set aside the report of division and order a new partition made. See articles 3598–3607, Revised Statutes.

[1] In this proceeding it must be assumed that in making the order complained of the probate court had jurisdiction of the subject-matter and of the persons of the interested parties, and that all the requirements of law in ordering the partition made and in approving the report of the commissioners were complied with. We then have a judgment of a court of general jurisdiction, valid upon its face. Even if there was fraud in its procurement, the judgment is not void, but only voidable. Murchison v. White, 54 Tex. 78; Mikeska v. Blum, 63 Tex. 44; Fleming v. Seeligson, 57 Tex. 524; Van Fleet's Collateral Attack, § 550.

[2, 3] It has many times been decided by the courts that a judgment valid upon its face can be attacked only in a direct proceeding instituted for that purpose. That proposition is conceded in this appeal. It is insisted, however, that this suit is a direct attack upon the order of the probate court. It is probably true that the pleadings of the plaintiffs in error are sufficient to constitute such an attack if this suit had been filed in the court in which the order or judgment assailed was rendered. But this is a suit in one court to set aside the judgment of another court. Such a proceeding must be treated as a collateral attack, notwithstanding the form of the pleading may be a direct assault upon the judgment complained of. Eatwell v. Roessler, 36 Tex. Civ. App. 621, 82 S. W. 796; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003; Oetting v. Mineral Wells Crushed Stone Co. (Tex. Civ. App.) 262 S. W. 93; Ross v. Drouilhet, 34 Tex. Civ. App. 327, 80 S. W. 241; Parker v. Moody, 43 Tex. Civ. App. 492, 96 S. W. 650; Cotton v. Rhea, 106 Tex. 223, 163 S. W. 2; Fletcher's Equity Pleading and Practice, § 936.

Plaintiffs in error refer to cases which they contend hold to the contrary where fraud is made the ground for reopening a judgment. An examination of those cases, however, discloses that they are not in conflict with those above cited, and that fraud furnishes no exception to the general rule stated.

[4-8] It is true that district courts may review the orders and judgments of probate courts on appeal or certiorari. But when the time within which such an appeal may be prosecuted has passed, district courts have no more jurisdiction to set aside the order of a probate court than they have to set aside the judgment of any other court of general jurisdiction. It is also true that the Constitution confers upon district courts jurisdiction over guardians, executors, and administrators. But that provision does not endow district courts with any general supervisory power over probate courts otherwise than through an appeal prosecuted within the time allowed by law. Franks v. Chapman, 60 Tex. 46; Buchanan v. Bilger, 64 Tex. 590. There is no rule of necessity which requires a district court to assume jurisdiction in cases of this character. The county court has authority after the close of a term to reopen its

own judgments for fraud, in order that appropriate relief may be given. Heath v. Layne, 62 Tex. 686; Edwards v. Halbert, 64 Tex. 667. It is true that the district court has the power to enjoin the execution of a judgment by another court when such judgment is void on its face. The district court may also, in cases of fraud in the procurement of a judgment, give appropriate relief by ingrafting a trust on property in the hands of the beneficiary of the fraud. Fisher v. Wood, 65 Tex. 199; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550. But in such cases the powers of the court are applied to the person of the wrongdoer, while the orders or judgments through which the wrong was committed are left undisturbed. No such equitable relief as that is sought in this proceeding.

[9] It further appears from the plaintiffs' amended petition that the wrong complained of was committed by Stephens, the administrator, who at that time had no interest in the property being divided. It is not alleged that the immediate beneficiary of the wrong, the Episcopal Church, was in any way cognizant of or participated in the perpetration of the fraud. If the fraud charged occurred in the performance of some duty which the law imposed upon the administrator, his misconduct alone might be sufficient to justify reopening the proceedings, regardless of the innocence of the beneficiary of the fraud. But under the statute the administrator had nothing whatever to do with the actual division of the land when commissioners were appointed to make that division. According to the averments in this case, Stephens was a mere intermeddler in, duties that developed upon the commissioners alone; no fraud is charged in the performance of any official act that developed upon him as administrator. That being true, it is doubtful, at least, if a proper case for setting aside the probate order for fraud is presented, when no collusion, participation, or notice of the fraud is charged against the sole beneficiary of the wrong. It may be that Stephens in his subsequent purchase from the Episcopal Church paid full value for the land and received a deed of general warranty. It would therefore be inequitable to now disturb the title of the Episcopal Church because of an old irregularity for which it was in no way responsible.

[10] Another general rule is that the party who seeks to reopen and set aside a judg-

ment for fraud should allege that he was ignorant of the fraudulent conduct at the time it occurred, or that he was in some way prevented from contesting the proceedings which culminated in the unjust order or judgment. Avocato v. Dell'Ara (Tex. Civ. App.) 91 S. W. 830; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357. No such averments are to be found in the pleadings of the plaintiffs in this case. Their contention seems to be that the duty of contesting the report of the commissioners devolved upon the life tenant then in possession. The partition proceedings in the probate court were quasi in rem; and all those interested in the estate were parties, made so by the process usually issued in such proceedings. Cooper v. Loughlin, 75 Tex. 524, 13 S. W. 37; Reed v. Robertson, 106 Tex. 56, 156 S. W. 196.

[11, 12] It must be presumed in favor of the validity of the partition order, if such an order was entered, that proper notice was given as required by the statute, and that every one interested in the estate to be divided had an opportunity to examine the report of the commissioners and contest its fairness before such a report was finally acted upon by the probate court. Whether that report was made during the lifetime of William Johnston, the remainderman and the ancestor of the plaintiffs, does not appear. If it was made during his lifetime, undoubtedly he had such an interest in the estate as authorized him to contest the fairness of the partition. His failure to do so at the proper time and after proper notice would be as effective in concluding the rights of his heirs as would such failure on the part of the heirs themselves had the report been made after the death of their ancestor. If neither the plaintiffs nor their ancestor did have such an interest in the estate at the time it was divided as authorized them to contest the fairness of the partition, then it follows logically that they have no right to attack those proceedings in this suit. If they then had no legal rights which were affected by the partition decree, they must now accept the property as it was allotted to those who did have that right and failed to make it.

There are other objections made to the sufficiency of the plaintiffs' amended original petition, which we deem it unnecessary to discuss.

Upon the grounds stated, we think the court was justified in sustaining the general demurrer, and the judgment is affirmed.