## A. Ansaldua et al. v. J. O. Schwing et al.

### No. 7009.

**Land Office Copy of Act of Traveling Board.**—Original certificate No. 573 was originally issued to F. Rosalis for a league and labor of land by board of land commissioners of Nacogdoches County. The certificate was located upon land in that county June 1, 1838. On June 13, 1838, J. Cruez, assignee of Rosalis, conveyed the land to Clark and Clary by deed acknowledged June, 1838, before a deputy county clerk, and it was at once recorded in that county. April 29, 1852, a duplicate for certificate No. 573 for one-third of a league of land was issued from the Land Office to Cruez, assignee of Rosalis. This was located and since claimed by holders under Clark and Clary. In an action of trespass to try title by heirs of Cruez the defendants offered a certified copy from the Land Office showing the acts of the traveling board touching the Rosalis certificate, No. 573, wherein the quantity was reduced to one-third league, and showing that the original for one league and labor had been located in Nacogdoches County.
*Held:*

1. The transcript from the Land Office showing the action of the traveling board was competent to identify the one-third league certificate as taking the place of that for a league and labor having the same number and grantee.

2. It also was competent showing the location of the certificate in Nacogdoches County, thereby legalizing the registration in that county of the deed from Cruez to Clark and Clary for the Rosalis league and labor.

3. The conveyance of the land located by the Rosalis league and labor of land passed to the vendors the certificate under which located. The reduction of it to one-third league did not affect its ownership.

4. While the registration in Nacogdoches County would not be notice in any other county where the certificate might be located, such registration was legal, and a certified copy of the deed from such record is competent on proof of loss of original, etc.

5. That a deputy county clerk in 1838 could take proof of a deed for registration is not an open question.

Appeal from Wise. Tried below before Hon. James R. Robinson, Special District Judge.

The opinion states the case.

*J. A. Carroll*, for appellants.—1. No paper should be admitted in testimony which is unintelligible and has no reference to the case at bar. The paper called "the report of the traveling board" is unintelligible, and neither it nor the field notes had any reference to the case at bar.

2. A copy of a deed not duly registered in the county where the land is situated is not admissible. This copy was a copy of a deed for a league and labor of land in Nacogdoches County.

3. A deed acknowledged before a deputy clerk in 1838, without disclosing the principal clerk, is not duly authenticated for registration. The deed in this case purports to have been acknowledged before R. Parmelee, deputy clerk.

4. Where the plaintiffs show a right of recovery and the defendants fail to rebut the plaintiffs' case judgment should be rendered for plaintiffs.

*D. A. Holman,* for appellees H. P. Thompson, J. H. Thompson, M. A. Chatham, —— Chatham, J. F. Goodwin, J. A. Nickell; *Carswell & Fuller,* for appellee Bates.—1. The report of the traveling board was admissible to show how the original headright certificate of Rosalis for one league and one labor of land No. 573 was diminished to one-third of a league, and to identify that headright with land in controversy.

2. The copy of a survey made under original headright certificate No. 573 in Nacogdoches County, June 1, 1838, was admissible to show its location, to thereby authorize registration, and give notice and evidence of sale and ownership, not only of lands conveyed, but of headright certificate by virtue of which it was located.

Until located registration was not authorized: Simpson v. Chapman, 45 Texas, 560; Stone v. Brown, 54 Texas, 344; Watkins v. Gilkerson, 10 Texas, 340; Randon v. Barton, 4 Texas, 292; Johnson v. Newman, 43 Texas, 640; Evans v. Hardeman, 15 Texas, 480.

After location may be: Shifflet v. Morelle, 4 S. W. Rep., 846.

Object to give notice: Crosby v. Huston, 1 Texas, 203; Rev. Stats., art. 4342.

Rule of evidence: Pasture Co. v. Preston, 65 Texas, 448; Hanwell v. Lumber Co., 65 Texas, 225; Holmes v. Coryell, 58 Texas, 685.

3. It was admissible as strong corroborative proof of the ancient existence of the deed from Cruez to Clark and Clary. It locates the same headright certificate, auxiliary as to time, and recites that it was made for Clark and Clary, assignees of Juan Cruez, assignee of Rosalis. Belcher v. Fox, 60 Texas, 530; Stroud v. Springfield, 28 Texas, 664.

4. It, in connection with the deed from Cruez to Clark and Clary, was properly admitted in evidence of the staleness of plaintiffs' demand, as an open and recorded notice of assertion to ownership of the certificate and lands located under it for fifty years before plaintiffs by themselves or their ancestor made any effort to repel our claim. Bomar v. Parker, 4 S. W. Rep., 603.

5. It, in connection with the Cruez deed and the testimony of Hall, Commissioner of the General Land Office, was admissible to prove location, sale, and abandonment of that location, and rightful claim to present location. Poor v. Boyce, 12 Texas, 440; Lewis v. Durst, 10 Texas, 398.

6. The deed was authenticated for registration. It was acknowledged by the grantor before R. Parmelee, deputy county clerk of Nacogdoches County, Republic of Texas, and by him as such recorded. Gen. Laws Republic of Texas, vol. 1, p. 155, sec. 35; Gen. Laws Republic of Texas, vol. 2, p. 111, secs. 1 and 2; Rose v. Newman, 26 Texas, 134; Cook v. Knott, 28 Texas, 85; Frizzell v. Johnson, 30 Texas, 35; Wert v. Schneider & Davis, 64 Texas, 330; Acts 1862, sec. 1, p. 57; Acts 1870, p. 49; Rev. Stats., art. 1146.

7.  Said deed is a conveyance of the original headright certificate upon which the patent issued, and evidences the superior equitable title to the land in controversy.   Location of the certificate merges the certificate in the lands located, so that sale of the land carries with it the sale of the certificate; and if patented in the name of original assignee the patentee or his heirs acquire thereby only the naked legal title for the benefit and perfection of title in the real owner of the certificate. Traylor v. Lide, 7 S. W. Rep., 62; Keyes v. Railway, 50 Texas, 174; Herman v. Reynolds, 52 Texas, 391.

STAYTON, CHIEF JUSTICE.—This action was brought by the heirs of Juan Cruez to recover one-third of a league of land patented to him as assignee of Francisco Rosalis.   Certificate No. 573 was originally issued to Francisco Rosalis for one league and labor of land by the land board for Nacogdoches County, but by the traveling board it was only approved for one-third of a league.   The original certificate, however, was located and surveyed on land in Nacogdoches County on June 1, 1838, and on June 13 of same year Juan Cruez as assignee of Francisco Rosalis conveyed the land so surveyed to Benjamin Clark and John D. Clary by a deed acknowledged before the deputy of the county clerk for Nacogdoches County in June, 1838, and it was at once recorded in that county.   On April 29, 1852, the original certificate for one-third of a league of land, bearing the same number as the original certificate (No. 573), having been shown to be lost, the Commissioner of the General Land Office issued a duplicate of that certificate to Juan Cruez as assignee of Francisco Rosalis, which was located on the land in controversy, and the defendants claim it under regular chain of transfer from Benjamin Clark and John D. Clary.   The original certificate for one league and labor of land with the survey made under it in Nacogdoches County were never returned to the General Land Office.

A copy of the report of the traveling land board, duly certified by the Commissioner of the General Land Office, showing that the original certificate was only approved for one-third of a league, and showing the number to be the same as that conveyed to Clark and Clary and located in Nacogdoches County, was offered in evidence by defendants, plaintiffs objecting on the ground that it was irrelevant and had no application to the land in controversy.

The evidence was proper for the purpose of identifying the certificate under which the land in controversy was granted with that conveyed by Cruez to Clark and Clary, and for further purpose of showing that the original certificate was located in Nacogdoches County when the conveyance from Cruez to Clark and Clary was made, for that conveyance was of land which it has been held would pass title to the certificate by virtue of which the land was surveyed, and the fact that the certificate was approved for only one-third of a league would not affect

the rule. Robertson v. Du Bose, 76 Texas, 1; Hines v. Thorn, 57 Texas, 102; Hearne v. Gillett, 62 Texas, 23; Traylor v. Lide, 7 S. W. Rep., 62.

The evidence showed beyond controversy that the certificate by virtue of which the land in controversy was granted was the headright of the same Francisco Rosalis to whom had been erroneously granted the headright certificate for a league and labor of land located in Nacogdoches County. The evidence was properly admitted for the further purpose of showing that the original certificate was located and land surveyed under it in Nacogdoches County at the time the conveyance was made by Cruez to Clark and Clary, and that for this reason that conveyance was properly recorded in the county in which land was located by virtue of it.

While registration of the conveyance from Cruez to Clark and Clary in Nacogdoches County would not operate as notice of their right to the land in controversy situated in Wise County, yet the registration would be valid, and a copy taken from the record of Nacogdoches County would be evidence if the instrument was properly authenticated for record and the nonproduction of the original was properly accounted for. Hancock v. Lumber Co., 65 Texas, 225.

The affidavit of inability to produce the original and proof of its loss were sufficient to entitle defendants to introduce a copy of the deed duly certified by the county clerk for Nacogdoches County; and that the deed from Cruez acknowledged before the deputy of the county clerk for Nacogdoches County in 1838 was properly authenticated for record is not an open question. Rose v. Newman, 26 Texas, 135; Cook v. Knott, 28 Texas, 90; Frizzell v. Johnson, 30 Texas, 35; West v. Schneider & Davis, 64 Texas, 330.

There is no error in the proceedings, and the judgment will be affirmed.

*Affirmed.*

Delivered May 26, 1891.