# MAY, 1913

H. B. REED V. S. C. ROBERTSON ET AL.

No. 2529.   App. No. 7957.   Decided May 7, 1913.

**1.—Practice—Nunc Pro Tunc Order.**

The entry of an order nunc pro tunc is legitimate where its effect is to make the record show what was actually done before, though not entered of record; but it can not be used to make that which was not done in fact appear as having been done.   (Pp. 58, 59.)

**2.—Same—Striking out Evidence.**

After judgment rendered on trial before the court, it was improper for him to enter an order striking out certain evidence because admitted without pleading to support it, making such order then as of the date of the trial. The party was entitled to a statement of facts showing the evidence introduced, and was deprived of this right and the record falsified by the order. (Pp. 58, 59.)

**3.—Trespass to Try Title—Pleading—Estoppel.**

Plaintiff suing in trespass to try title, it was admitted that defendant was one of the heirs of the original grantee of the certificate and that plaintiff held the interest of the other heirs. Proof that in a partition of the estate of such original grantee a part of the land located by such certificate had been set aside by decree to the heirs, whose interest plaintiff had acquired, to the exclusion of defendant, showed title in plaintiff on which he could recover. Such title was not one depending on estoppel, and it was not necessary that plaintiff plead it as an estoppel against defendant. Plaintiff in trespass to try title is required to plead title by estoppel, only, it seems, when necessary to avoid a defense specially pleaded by his adversary.   (Pp. 59, 60.)

**4.—Located Certificates—Title—Relocation.**

Certain heirs having acquired by partition title to land of the ancestor's estate located but not patented, had title to the certificate when floated and relocated, as against another heir excluded from interest in the original location by the partition decree.   (Pp. 59, 60.)

**5.—Partition—Judgment.**

To show title to the interest of an heir under a judgment in partition of the estate setting aside to other heirs the land in controversy, it is not necessary to show that he received other property in the partition. The judgment is conclusive.   (P. 60.)

Error to the Court of Civil Appeals, Seventh District, in an appeal from Lubbock County.

Reed sued Robertson and others for the recovery of land. Robertson had judgment, and plaintiff appealed and obtained writ of error on affirmance.

*H. C. Ferguson,* for plaintiff in error.—That plaintiff's title was not by estoppel and need not be specially pleaded: Rev. Stats., arts. 5248, 5250; Meyers v. Paxton, 75 Texas, 199; City of San Antonio v. Rowley,

49 Texas Civ. App., 380; Gulf, C. & S. F. Ry. Co. v. Cuisenberry, 86 Texas, 533.

That it was not necessary to show what portion of the land Sterling C. Robertson received: Robertson v. Brothers, 139 S. W., 659.

That it was improper to strike out plaintiff's evidence after judgment: Rev. Stats., arts. 1178, 1182, 1149; Beal v. Alexander, 6 Texas, 540; Robertson v. Brothers, 139 S. W., 659.

Plaintiff having pleaded title in himself in general terms, stating that he owned both the legal and equitable title and was entitled to the possession of the land in controversy, was sufficient to entitle him to introduce proof of the fact, and the judgment should. have been rendered for plaintiff upon the proof of those facts. Long v. Long, 30 Texas Civ. App., 368, 70 S. W., 587; Bridges v. Cundiff, 45 Texas, 440; Kauffman v. Brown, 83 Texas, 47; Arthur v. Ridge, 40 Texas Civ. App., 137, 89 S. W., 17; New York & T. Land Co. v. Hyland, 8 Texas Civ. App., 614; Lynch v. Pitman, 31 Texas Civ. App., 553, 73 S. W., 863; Edrington v. Butler, 33 S. W., 143; Wade v. Boyd, 24 Texas Civ. App., 492, 60 S. W., 362.

*Bean & Klett,* for defendant in error.—Unless it is shown that a ruling made by a court who tries a case without a jury caused the court to render an improper judgment, the ruling is harmless.

It is within the discretion of the trial court to exclude evidence after the trial is concluded, when the evidence is irrelevant and not admissible under the pleadings.

Plaintiff is not entitled to prove matters ·of estoppel against said heir unless alleged according to agreement. Sec. 20, Rules District and County Courts; Box v. Lawrence, 14 Texas, 545-546; Lybrand v. Fuller, 24 Texas Civ. App., 296, 59 S. W., 50.

Consenting of Sterling C. Robertson that the certificate may be floated for relocation except as to 808¼ acres that had been apportioned to him as an heir, could not be the basis of a partition of said certificate, by allotting five non-contiguous parcels to Sterling C. Robertson as his share in said certificate, as the Commissioner had no power to lift any part of the certificate except so far as located in conflict with an older survey, and had to let that part of the certificate not in conflict remain as located regardless of the wishes of the owner. Adams v. Houston & T. C. Ry. Co., 70 Texas, 252; Gaither v. Hanrick, 69 Texas, 97; Hanrick v. Cavanaugh, 60 Texas, 23, 24; New York & T. Land Co. v. Thomson, 83 Texas, 179.

If, after the partition of the original location among the five heirs who claimed said land as co-tenants, believing that they owned it in common, it afterwards developed that all of said tract was in conflict with an older survey with the exception of 10,595,366 sq. vrs. (1890 acres), the partition, if there was one, would be invalidated, and would leave said heirs as co-tenants of that part (1890 acres) which they did in fact own in common. Ross v. Armstrong, 25 Texas Supp., 354; Grigsby v. Peak, 68 Texas, 239; James v. Adams, 64 Texas, 193.

The location of said unlocated balance certificate on the land in controversy is presumed to be for the benefit of all the joint owners. Kirby v. Estill, 78 Texas, 431.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Plaintiff sued the unknown heirs of Jas. R. Robertson in an action of trespass to try title for a tract of land in Lubbock County granted by patent No. 49, vol. 23, dated June 17, 1879, "located by virtue of unlocated balance certificate No. 23/113 issued to Jas. R. Robertson and being the unlocated balance certificate of the headright of said Jas. R. Robertson granting to the heirs of Jas. R. Robertson 15,404,634 sq. vrs. in Lubbock County and known as survey 23, which includes the land in controversy in this cause."

The trial was had before Hon. W. R. Spencer, judge of the District Court of Lubbock County, without a jury.

This written agreement was introduced by the parties:

"Be it remembered that on the trial of the above entitled and numbered causes that the following agreement shall be read as evidence on the trial thereof, towit: that at the date of the death of Jas. R. Robertson and his wife, Susan Robertson, there were three children and descendants of two pre-deceased children entitled to inherit from the estate of Jas. R. Robertson and Susan Robertson, deceased, towit: Hays H. Robertson, A. J. Robertson and Fannie Napier, sons and daughters surviving, and Sterling C. Robertson, grandson, being the son of Eliza Hamer Robertson, daughter of Jas. R. Robertson and Susan Robertson, and Van Irion, grandson, being a son of Medora Robertson Irion, who was the daughter of Jas. R. Robertson and wife, Susan Robertson.

"It is further agreed that Hays H. Robertson, A. J. Robertson and Fannie Napier each inherited a one-fifth interest in the estate of Jas. R. Robertson and Susan Robertson, deceased, and, that Sterling C. Robertson, who was born April 20, 1849, inherited a one-fifth interest in the estate of Jas. R. Robertson and Susan Robertson, deceased, and that Van Irion inherited a one-fifth interest in the estate of Jas. R. Robertson and Susan Robertson, deceased.

"It is further agreed that the plaintiffs in these suits hold the title of Hays H. Robertson, A. J. Robertson, Fannie Napier and Van Irion; and that the defendant, Sterling C. Robertson, is entitled to recover the other one-fifth of the estate of Jas. R. Robertson and Susan Robertson, unless defeated by the matters plead in the plaintiff's petition to these suits."

The effect of the above agreement was to eliminate from the case every issue but the right of Sterling C. Robertson in the land, and, under the agreement, the burden was upon the plaintiff to prove that Sterling C. Robertson never had an interest in this land or that the plaintiff had acquired that interest.

The statement of facts as made and filed by the judge does not contain the evidence as introduced, because after the evidence was admitted to the court and after the court had heard the argument and had an-

nounced judgment for defendant, Sterling C. Robertson, for one-fifth of the land, the plaintiff having filed no plea of estoppel, the judge gave permission to counsel for S. C. Robertson to file a motion to strike out certain evidence, which motion was prepared and presented, and the judge directed the clerk to file the motion as of date December 18, 1911; and the court after having given judgment for defendant on December 23, 1911, entered an order on that date striking out and refusing to consider the evidence introduced by plaintiff, which order was entered as of date December 19, 1911, the day on which the trial began. The reason assigned in the motion was that the facts sought to be proved constituted an estoppel against defendant, Robertson, and plaintiff had failed to plead such estoppel. We have never before known of such proceeding in any court. We see no reason to believe that the action was prompted by any improper motive of the judge, but it had the effect to make a false record against the plaintiff, and, if sustained, to deprive him of a statement of the facts proved on the trial. *Nunc pro tunc* orders are legitimate, that is to record what actually occurred but which was not entered of record so as to make it disclose the truth. But this procedure reverses the rule and places on the record what is done *now* as if done *then,* making the record speak falsely. Whatever may have been the purpose, such action was unauthorized and must be disregarded by this court. Parties had the right to have all evidence which was admitted in a trial before the judge without a jury embodied in the statement of facts or bill of exceptions, so that if improperly excluded it may be considered by the appellate courts. In every essential the bill of exceptions in this case constitutes a statement of the facts proved and will be so considered. If there had been a defense pleaded which would be sufficient to defeat plaintiff's recovery, as a matter of law, but by reason of some conduct of Robertson the plaintiff had been deceived in the acquisition of his title, which fact would estop Robertson to set up the defense, then a plea setting up the estoppel would have been necessary; but no such conditions exist in this case; there was no estoppel to be pleaded.

The undisputed evidence admitted by the trial judge proves this state of facts: A certificate for one league and labor of land was issued to Jas. R. Robertson in 1841, which was located in Robertson County, Texas, making two contiguous surveys. Jas. R. Robertson and his wife died and administration upon their estate was had in the County Court of Robertson County. The land was partitioned among the five heirs, and, by the judgment of the court regularly entered, the four heirs under whom plaintiff claims received the larger survey in several tracts—Sterling C. Robertson was not given any part of that survey. For some reason not necessary to be stated the certificate was floated from the larger survey at the instance of the four heirs to whom it was allotted in the partition, and a certificate for an unlocated balance was issued and delivered to the said four heirs, which was located upon this land. The question here arises, to whom did the certificate for the unlocated balance belong? The judgment of the County Court is con-

clusive of the rights of the parties and vested title to each heir in the apportionment of the land so allotted.

The effect of the decree was to vest title to the land certificate by virtue of which the land was located, in each of the persons to whom the land was adjudged in the proportion of the number of acres allotted to each. Renick v. Dawson, 55 Texas, 102; Robertson v. DuBose, 76 Texas, 1, 13 S. W., 300; Ansaldua v. Schwing, 81 Texas, 198, 16 S. W., 989; Abernathy v. State, 86 Texas, 430, 16 S. W., 1102. Many cases could be cited to this proposition. The effect of the decree was the same as it would be if the partition had been made by a deed or deeds of partition conveying to each the given portion of the land.

S. C. Robertson had no right in that part of the certificate by which the land in suit was located, therefore he could have no right in or title to the land.

It was not necessary for the plaintiff to show that Sterling C. Robertson received anything in the partition, the judgment is conclusive of the rights of the parties; it is conclusively presumed to have properly adjusted the claims of all of the heirs.

The application for writ of error is granted and the defendant, Robertson, having answered the application, this court will proceed to enter final judgment.

It is ordered that the judgments of the District Court and Court of Civil Appeals as to Sterling C. Robertson be reversed and that judgment be here entered that the plaintiff in error, H. B. Reed, recover of said Sterling C. Robertson all of the interest claimed by him in the land sued for, and that said Robertson pay all costs of all courts, except that which was incurred in summoning the unknown heirs of Jas. R. Robertson. This cause will be remanded to the District Court for the enforcement of this judgment.