## ANDERSON v. ANDERSON.
### No. 13430.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 16, 1936.

A. B. Cates, of Decatur, for plaintiff in error.

H. E. Lobdell, of Decatur, for defendant in error.

BROWN, Justice.

It appears that on January 6, 1926, in a suit brought in the district court of Wise county by one Moses Anderson against Mrs. Lula Anderson, Moses Anderson was awarded an undivided one-sixth interest in and to 200 acres of land out of the Rebecca Coleman survey in Wise county, and appellant awarded the remaining undivided five-sixths interest in and to the same, and the decree further provided that so long as appellant should live she may have use of the entire tract as her homestead, and that the land shall not be subject to partition so long as appellant lives thereon and makes it her home. It further appears that appellee, T. J. Anderson, acquired the one-sixth interest of Moses Anderson by and through a deed from the sheriff of Wise county. Under what circumstances appellee acquired this undivided interest, through a sheriff's sale, does not appear in the statement of facts, but it does appear that appellant and appellee are related. The exact relationship is not shown.

This suit was begun by appellee against appellant in the justice court for precinct No. 7, Wise county, in which precinct it is evident the land lies, and the citation out of such court served upon appellant states the nature of plaintiff's demand as follows: "This suit is for the sum of $18.50 on open demand for wood sold off from land in which plaintiff had an undivided interest."

The defendant below, appellant here, filed a cross-action for damages against said appellee for harassment, annoyance, intrusion, and trespass of her rights by appellee, such cross-action being for the sum of $75.

The cause was brought from the justice court to the county court of Wise county by certiorari, and the transcript of the record in such appeal shows that final judgment was rendered on October 24, 1934, for appellee, T. J. Anderson, in the sum of $7.13, against appellant, Mrs. Lula Anderson, and the "garnishee Roy

Cheeves," and, further, that appellant take nothing by way of her cross-action for damages.

Upon a trial in the county court, the cause being tried to a jury, the judgment recites that the jury rendered the following verdict in response to the charge: "We, the jury, find for the plaintiff the sum of $7.13, and that the defendant take nothing because of her cross action."

The judgment then recites:

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, T. J. Anderson, have and recover from the defendant, Mrs. Lula Anderson, B. B. Poore and J. W. Walker, bondsmen, the sum of $7.13, together with his costs in this behalf expended, for which execution may issue.

"It is further ordered by the Court that the cross action of the defendant, Mrs. Lula Anderson, whereby she sued the plaintiff for the sum of $150.00, be in all things denied, and that she take nothing by reason thereof."

The amended pleading prayed for $150 damages.

From this judgment Mrs. Lula Anderson has appealed.

From the statement of facts, in addition to the facts heretofore recited pertinent to the issues raised in the suit, appellee testified that appellant sold 107 cords of wood off of the lands in question to one Roy Cheeves at 40 cents per cord, for which Cheeves paid to appellant $42.80, of which amount appellee claimed one-sixth, or the sum of $7.13.

It appears from the uncontradicted evidence introduced by appellant that a considerable portion of the tract in controversy was covered with a thick growth of brush and timber, and that this portion of the land, in such condition, was unfit for any use, but that by cutting and removing some of the timber and brush such land was made fit for use as a pasture, and that the further clearing of such land would render it suitable for farming purposes; that appellant could obtain no use of the land in the condition in which it was found to be, and that to get the land cleared she sold some of the growing timber to one Roy Cheeves. The testimony further developed the fact that cleared land is worth more for farming and pasture than land with timber growing on it, and that clearing a part of the timber

and brush from the land neither injured it nor decreased its value, but that the land was increased in value by removing such brush and a part of the timber.

In support of her cross-action for damages against appellee, appellant testified to the "bad feeling" that has long existed between appellant and appellee; that appellant is a woman 65 years of age, who is frail and in feeble health, and that appellee, by interfering with her contract with Cheeves and through his threats to prosecute her and Cheeves because of the cutting of the wood and the clearing of the brush, and being thus harassed, she has been rendered highly nervous and upset, and has had severe nervous headaches; that she has suffered loss of appetite and of sleep, and has lost weight by reason thereof, from none of which things she suffered prior to appellee's threats and interference.

It appears from a bill of exceptions found in the transcript that upon the trial in the county court all parties waived the submission of the cause to the jury by a written charge and permitted the trial court to orally charge the jury, and that the trial court gave the jury orally four issues to answer, namely: (1) Whether or not appellee's one-sixth interest in the land was injured by the removal of the timber complained about; (2) what amount of money would fairly compensate appellee for such injury which the land may have sustained by the removal of the timber; (3) whether or not appellee harassed appellant and disturbed her use and possession of the land because of the cutting of the timber therefrom in such manner as to cause her mental pain and suffering and injury to her health; and (4) what amount of money would fairly compensate appellant for such harassment, disturbance of the use of, and possession of the land, and mental suffering or injury to her health, if any she sustained.

This is an interesting little controversy, and it seems that no certain trail has been blazed for us in this state. If this were a suit in which appellee sought to recover from appellant damages because appellant sold from the land growing timber which was valuable on the market as timber, that is to say for lumber purposes, then the rule for such damages has been admirably stated by Mr. Justice Battle, of the Supreme Court of Arkansas, in the case of Paepcke-Leicht Lumber Co. v.

Collins, 85 Ark. 414, 108 S.W. 511. The rule there stated is that the tenant in common who sells the timber from the lands is liable to the other tenant in common for the value of the timber in the tree at the time it was cut, together with interest, to the extent of the proportionate part owned by the tenant in common whose rights have thus been invaded. See, also, Rutherford v. Wilson, 95 Ark. 246, 129 S.W. 534, 37 L.R.A.(N.S.) 763. 62 C.J., p. 506, para. 152, dealing with this question, says: "Where the waste consists in cutting and selling timber without plaintiff's consent, the value of the timber while growing is to be taken as the rule of valuation."

From the record before us it does not appear that the timber cut from the lands was suitable for anything other than cordwood, and that such as was not fit for cordwood was mere underbrush. Under such circumstances, we are of the opinion that this case must be governed by the rule announced in 67 C.J., p. 619, par. 16, that rule being that if the cutting of the trees is contrary to good husbandry and will work a permanent injury to the freehold, such amounts to waste unless there is specific leave or license to cut the trees; that the waste depends, in the particular case, upon the question whether the act is such as a prudent farmer would do, having regard to the land as an inheritance, and whether the doing of it would diminish the value of the land as an estate after taking into consideration the condition of the premises, the proportion of the timber land to the whole tract, and in some instances the custom of the district or country in which the land lies. This text supports the rule that it is not ordinarily considered waste to cut down wood or timber for the purpose of fitting the land for cultivation or for use for pasture, provided this does not damage the inheritance, and provided such acts are conformable to the rules of good husbandry.

The verdict of the jury is not responsive to the issues that were orally submitted to the jury by the trial court. It is apparent that the jury has attempted to award appellee one-sixth of the sale price of the cordwood that was cut by Cheeves. As we view this case, such was not a proper measure of damages. Appellant's testimony shows without contradiction that her contract with Cheeves was not solely for the sale of the cord-wood, but that she had in view the partial clearing of the land so that it might be utilized for pasture purposes, and ultimately the clearing of the land for future cultivation. We believe that justice will be best served by reversing the judgment of the trial court and remanding the cause for a trial upon the merits of appellee's action for waste, in accordance with the views set forth in this opinion, and appellant's cross action for damages.

Accordingly, the judgment of the trial court is reversed, and the cause remanded.