## M. C. Wert v. Schneider & Davis.

(Case No. 5336.)

1. **Record — Exhibits — Practice.** — A *certiorari* was granted to appellant to perfect the record by bringing up to this court a certified copy of an assignment; appellees moved to strike it from the files on the ground that it constituted no part of the record in the court below. *Held*, that it must be considered a part of the record, for its contents were in part recited in appellees' pleadings, and it was made a part of their pleadings, though not attached as an exhibit; it was also made a part of appellant's pleadings, and they purported to attach it as an exhibit; the record, too, showed that the court below sustained objections to the assignment, which could not have been done unless it was a part of the pleadings.

2. **Extraneous proof — Assignment.** — A court sustaining objections to an assignment before hearing the facts of the case must have done so on the ground that the assignment was void upon its face; it could not have taken into consideration any extraneous facts.

3. **Acknowledgment — Deputy clerk.** — The Revised Statutes (secs. 1104 and 4305) name the district clerk as an officer before whom acknowledgments may be taken, and provide that his deputy may perform all such official acts as may lawfully be done by the clerk himself. It results that the deputy can take acknowledgments in all cases where his principal is authorized so to do.

4. **Assignment.** — As the statute allows creditors six months within which to consent to an assignment, it must have contemplated that this length of time would not be an unreasonable one within which to sell the property of the estate; and a provision in an assignment, authorizing a sale within a shorter period than six months, cannot be said to cause unreasonable delay. Even if the assignor had provided, in an assignment otherwise valid, for an unreasonable delay in winding up his estate, the law would merely have disregarded his wishes in that respect and had the estate settled within the time prescribed by statute.

Appeal from Parker. Tried below before the Hon. A. J. Hood.

On the 3d day of March, 1883, Ben. C. Henry executed a deed of assignment to appellant, M. C. Wert, conveying certain personal property for the benefit of creditors.

On the 7th day of March, 1883, the appellees sued out a writ of

attachment against Ben. C. Henry, which was, on the same day, levied on the goods, valued at $1,136.67. On the 10th of March, 1883, the assignee, M. C. Wert, filed a claim bond, and kept possession of the property. Judgment was afterwards recovered against Henry, for $1,136.67, and foreclosure of attachment lien, *subject* to the claim of appellant.

At the August term, 1883, of the district court, both parties appeared, and, under direction of the court, made up the issue. Appellant claimed the property under the assignment made to him by Henry, and the appellees claimed it under their attachment, and charged the deed of assignment to be fraudulent on its face, and made it a part of their petition.

To this tender of issue, the assignee filed a general demurrer and general denial, and on the 8th of March, 1884, the cause came on for trial. A jury was waived and the case submitted to the court; the court having considered the general exception of defendant, M. C. Wert, was of opinion that the same was not well taken, and the exception was overruled. Plaintiff's objections to the deed of assignment were sustained, and thereupon judgment was rendered subjecting the property to the attachment lien, with judgment on the claimant's bond.

*Harcourt & Ball*, for appellant.

*B. G. Bidwell*, for appellees, on the assignment being void, cited: 58 Tex., 157–164; 36 Am. Rep., 345; 4 Wheat., 108; Burrill on Assignments, pp. 212, 281, 296, 302–307, 476, 477; Bump on Fraud. Conv., pp. 358, 362–4, 411, 412, 415, 436.

On deputy clerks taking acknowledgments, he cited: R. S., arts. 4304, 4308, 549; 6 Tex., 502; 5 Tex., 263; 31 Tex., 650.

On appointment of deputies, he cited: R. S., p. 180, arts. 1103, 1104.

WILLIE, CHIEF JUSTICE.— Upon a former day of the present term a *certiorari* was granted to perfect the record in this cause by bringing up a certified copy of an assignment for the benefit of creditors, executed by Ben. C. Henry to the appellant as assignee, which, it was alleged, should have been included in the original transcript. In obedience to the *certiorari* a certified copy of this instrument has been sent up and is now on file with the papers of the cause in this court. It is moved to strike this paper from the files, because it is apparent that it constituted no part of the record in the court below. We are of a different opinion. Its contents were in part recited in

the pleadings of the appellees, and it was made part of those plead-
ings though not attached to them as an exhibit.  It was also made
part of the appellant's pleadings, and they purport to attach the as-
signment as an exhibit.  The judgment of the court sustains objec-
tions of the appellees to the assignment, which clearly shows that
the paper was before the court.  The court, as the judgment re-
cites, sustained objections to the assignment before proceeding to
hear the facts of the case.  This could not have been done unless
the assignment had been made part of the pleadings in the cause.
The motion to strike it from the record must be overruled.

The important question raised by the record arises upon the ac-
tion of the court in sustaining the appellees' objections to the assign-
ment.  These objections having been sustained, as already stated,
before the court had heard the facts of the case, it must have been
the opinion of the court that the assignment was void upon its face.
Whether it was thus void or not is therefore the turning point of
the appeal.

The objections raised to the assignment, upon some or all of which
the court must have grounded its ruling, are substantially these:  The
assignor was not insolvent, but could have paid all his debts as they
fell due.  The assignment was made for the purpose of hindering,
delaying and defrauding the assignor's creditors, of whom the ap-
pellees constituted a part.  The deed was not properly acknowl-
edged and recorded before the attachment of Schneider & Davis
was levied, it having been acknowledged before a deputy district
clerk, whose appointment had not been recorded at the time the
acknowledgment was taken, and who was not an officer authorized
by law to perform such an act.  The assignment gives the assignee
discretion and power to sell on a credit, and controls the time and
manner of sale, and provides for a delay in making sales.  The as-
signor had, previous to making the assignment, been selling his goods
for cash, and converting the money to his own use instead of paying
his creditors with it.

Upon an examination of these grounds of objections it is plain
that the most of them are based upon facts not apparent on the face
of the assignment.  Whether the assignor was solvent or insolvent;
whether the deputy clerk's appointment had been recorded or not;
and whether the assignor had, before making the assignment, made
way with his property without paying his debts, were all matters of
extraneous proof, and not grounds for declaring the instrument upon
its face invalid.  Hence it is unnecessary to inquire whether or not,
if true, they would vitiate the assignment.  The instrument appears

to have been recorded upon an acknowledgment taken before a deputy district clerk. It is claimed that this officer has no right to take such an acknowledgment. Our Revised Statutes name the district clerk as one of the officers before whom these acknowledgments may be taken (§ 4305), and provide that deputy district clerks may perform all such official acts as may lawfully be done by the clerk in person (§ 1104); and it is held by this court that a deputy clerk may authenticate conveyances when his principal is authorized so to do. Cook v. Knott, 28 Tex., 85; Rose v. Newman, 26 Tex., 134; Frizzell v. Johnson, 30 Tex., 35. So that if registration was necessary to give the assignment validity as against the attachment, the law in that respect was fully complied with. The objection that the assignment gave the assignee power to sell on a credit is not borne out by the record, for it expressly requires all sales of the property assigned to be made for cash.

We cannot see that it provided for any delay in the sales of the goods. It provided that so soon as the assignee had qualified he should commence selling the goods for cash at private sale, and so continue to sell for sixty days, and at the end of that time, after giving notice, to sell at auction. As the statute allows creditors six months within which to consent to an assignment, it must have contemplated that this length of time would not be an unreasonable one within which to sell the property of the estate.

The provision in the assignment authorizes sale within a shorter period. Besides, had the assignor provided for an unreasonable delay in winding up his estate, the law would not have respected his wishes in this respect, but the property would, notwithstanding such provision, have been disposed of and the estate settled in accordance with the requirements of our statutes upon the subject. Keating v. Vaughn, 61 Tex., 518.

As to the general ground that the assignment is intended to defraud creditors, we see nothing on the face of the instrument to justify such a charge. Certainly none of the specific objections which can be considered without reference to extraneous facts tend to give it support. We think the court erred in sustaining the objections raised to the assignment, and for this error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 5, 1885.]