LOWERY, Tax Collector, v. RED CAB CO.
(No. 9296.)

(Court of Civil Appeals of Texas. Dallas. April 19, 1924. Rehearing Denied May 24, 1924.)

1. **Statutes** ⬅109—**Constitution requires title to give merely reasonable notice of subject-matter, and not details of method.**

Const. art. 3, § 35, providing that no bill shall contain more than one subject, which shall be expressed in its title, is complied with if title fairly gives reasonable notice of statute's subject-matter, and does not require details with which legislative object shall be attained.

2. **Statutes** ⬅109—**Dealing with different subject than is expressed in title held unconstitutional.**

If title of statute imports one subject while statute itself shows different subject to be its purpose, act is invalid as not expressing subject in title as required by Const. art. 3, § 35.

3. **Constitutional law** ⬅48—**Presumption in favor of validity of statute.**

Every reasonable presumption must be made in favor of validity of statute, and before act will be declared unconstitutional it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption.

4. **Statutes** ⬅126—**That title broader than statute held not to make it invalid unless misleading.**

Where title of statute is broader than enactment by including subject germane to general subject of statute, which is omitted therefrom, statute is not void unless such omission renders title misleading.

5. **Statutes** ⬅121(1)—**Title held broad enough to cover taxation of passenger automobiles operated for hire.**

Title of Acts 38th Leg. (1923) c. 75, providing for "registration of motor vehicles, tractors, trailers, semitrailers and motor vehicles, requiring application to be filed for the registration of such vehicles, and prescribing the fees that shall be paid for their registration," held broad enough to authorize fixing fees of passenger automobiles by weight, and to provide for additional fees where car is operated for hire.

6. **Statutes** ⬅126—**That title of statute taxing automobiles broader than enactment held not to invalidate any part thereof; "passenger motor vehicles."**

Though title to Acts 38th Leg. (1923), c. 75, is broader than enactment, in that, while title suggests that all passenger automobiles with seating capacity in excess of 7 persons are taxed, there is an omission in the body of act in this respect, held, that title was not deceptive so as to make any part of statute invalid; "passenger motor vehicles" not being limited to vehicles operated for hire.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Mandamus proceeding by the Red Cab Company against John M. Lowery, Tax Collector. Decree for plaintiff, and defendant appeals. Reversed and rendered.

W. A. Keeling, Atty. Gen., and Claude D. Bell, of Dallas, for appellant.

Church, Read & Bane, of Dallas, for appellee.

JONES, C. J. This was a mandamus suit brought in the district court of Dallas county, Tex., by appellee, A. H. Garland, trading as Red Cab Company, against appellant, John M. Lowery, as tax collector of Dallas county, to compel him, as such officer, to register a particular five-passenger automobile owned by appellee and operated upon the public highways of this state for hire, and to issue to him a certificate of registration and distinguishing seal upon the payment of the tax provided by section 16a of chapter 75 of the general laws enacted by the regular session of the Thirty-Eighth Legislature. The tax tendered appellant under said section 16a amounted to $21, this being based on the weight and horse power of said automobile, as provided in said section. Appellant demanded an additional tax of $20 under section 16e of such legislative enactment, in which section is provided an additional tax to that prescribed in section 16a of $4 on each passenger capacity of the automobile when said automobile is used for the purpose of carrying passengers for hire. Appellee declined to pay the additional tax of $20, on the theory that section 16e is unconstitutional, and the additional tax it sought to levy on his car was illegal. Upon hearing of the case the trial court entered judgment granting appellee the writ of mandamus as prayed for, the court necessarily holding that said section 16e is unconstitutional. Appellant has duly perfected his appeal to this court.

The claim of appellee that section 16e is unconstitutional is based upon the ground (1) that the title to said chapter conflicts with the provisions of said section 16e, and (2) that the subject of section 16e is nowhere expressed in the title of said act, for which reason it is claimed that said section contravenes section 35, art. 3, of the Constitution of the state of Texas, and is therefore void. That portion of section 35, art. 3, of the Constitution of this state, that bears on this question, reads:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title to chapter 75 of said laws is very comprehensive, and expresses with great particularity the subject of the legislation. It is not deemed necessary to quote the entire title. After stating that it is "an act to amend chapter 190 of the general laws of the regular session of the Thirty-Fifth Legislature, as amended," and after reciting the several amendatory acts, the title continues:

"* * * By amending section 16 of said chapter 190 as amended, and by adding to said chapter 190 sixteen new sections to be known as sections 16a, 16b, 16c, 16d, 16e, 16f, 16g, 16h, 16i, 16j, 16k, 16l, 16m, 16n, 16o, 16p, so as to provide for the registration of motor vehicles, tractors, trailers, semitrailers and motorcycles, requiring applications to be filed for the registering of such vehicles and prescribing the fees that shall be paid for their registration, defining commercial motor vehicles and tractors, prescribing penalties for the operation of a motor vehicle on the public highway not registered in accordance with the provisions of this act, prescribing the maximum weights and dimensions of motor vehicles that may be operated on the public highways, providing an additional registration fee for passenger motor vehicles with a seating capacity of more than seven passengers, prescribing the methods by which the fees provided herein shall be computed," etc.

Section 16a of said chapter provides generally for the registration of motor vehicles, tractors, trailers, semitrailers, and motorcycles, prescribes the tax that shall be paid for such registration, and is as follows:

"Each application for the registration of any motor vehicle, tractor, trailer, semitrailer or motorcycle in the state shall be made on blank forms provided by the State Highway Department for this purpose. The county tax collector shall not issue a license to any person until such application has been filled out in full and signed by the applicant. The requisite fee for the number of unexpired quarters for the calendar year shall accompany said application, which fee for the registration of a motorcycle for a full calendar year shall be five ($5.00) dollars, and for the registration of a passenger motor vehicle shall be based upon the weight of the vehicle and upon the N. A. C. C. horse power rating, as follows:

| Weight of Vehicle in Pounds. | Fee per 100 lbs. or Fraction Thereof. | Fee per Horse Power. |
|---|---|---|
| Class 1—1000-2000 | 40¢ | 17½¢ |
| Class 2—2001-3500 | 50¢ | 17½¢ |
| Class 3—3501-4500 | 60¢ | 17½¢ |
| Class 4—4501 and up | 75¢ | 17½¢ |

"Provided that the minimum fee, based on horse power, as provided for herein, shall be $4.00 for a full year."

Section 16e deals with passenger automobiles used for hire, and prescribes an additional tax to that assessed in section 16a, and is as follows:

"*Motor Busses.*—Owners of passenger motor vehicles operating for hire shall pay in addition to the fee of seventeen and one-half cents (17½¢) per horse power and the weight fee provided therefor, an additional registration fee of four ($4) dollars for each number of passengers the motor vehicle will seat. Any owner of a motor bus vehicle who shall fail

or refuse to comply with this section shall be fined in any sum not more than two hundred ($200) dollars."

[1] It may be stated as the settled law of this state that, if the title of an act fairly gives reasonable notice of the subject-matter of the statute, the said constitutional mandate is observed; and, further, this mandate requires only that there be stated in the title to an act the ultimate object of the legislative enactment, and not the details with which the legislative object is to be attained. Stone v. Brown, 54 Tex. 330; Doeppenschmidt v. Railway Co., 100 Tex. 534, 101 S. W. 1080; Joy v. City of Terrell (Tex. Civ. App.) 138 S. W. 215.

[2] It is also well established by the decisions of this and other states that, whether a title is comprehensive or restricted, expressed in general terms or with particularity, it must be in conformity with the subject of the legislation. If the title imports one subject, while the statute itself shows a different subject to be its purpose, the title is misleading, and the act is unconstitutional on the ground that its subject is not expressed in its title. 25 R. C. L. p. 864.

[3] Every reasonable presumption must be made in favor of the validity of a statute, and before an act will be declared unconstitutional it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption. These principles apply to every inquiry made into the constitutional validity of every character of legislative enactments. Koy v. Schneider, 110 Tex. 369, 218 S. W. 479, 221 S. W. 880.

[4] It may also be stated that because the title to a legislative enactment is broader than the enactment, that is, includes several subjects germane to the general subject legislated upon, but omits one of such subjects from the body of the act, this fact will not render the enactment void solely because of such omission. It will do so, however, if it clearly appears that because of such omission the title was thus rendered misleading as to what was really enacted. 25 R. C. L. 866.

[5] It will be observed that the title does not specifically mention passenger automobiles used for hire. Is that portion of the title of this act broad enough to cover this subject of the enactment when it states that the law is amended "so as to provide for the registration of motor vehicles, tractors, trailers, semitrailers and motorcycles, requiring applications to be filed for the registration of such vehicles and prescribing the fees that shall be paid for their registration"? To our mind it is, and clearly authorized the enactment of section 16a and section 16e. Under section 16a the fees are determined by the weight and horse power of the passenger automobile. By section 16e fees are determined by the weight, horse power, and the number of passengers the automobile will seat; and this latter fee is made to apply to all passenger automobiles that are operated by the owner for hire, and to apply to no passenger automobile that is operated only for the pleasure and convenience of the owner. The title says that the enactment will provide for fees of motor vehicles. Both section 16a and 16e so provide, and the one section is no less responsive to that portion of the title above quoted than is the other. The one section is no more clearly indicated by the wording of this clause of the title than is the other section. We therefore hold that section 16e is sufficiently expressed in the title of the act.

[6] The more serious question is that which arises from the subsequent statement of the following words of the title:

"Providing an additional registration fee for passenger motor vehicles with a seating capacity of more than seven passengers."

Neither section 16a nor section 16e is responsive to this portion of the title, nor is any other section in the act responsive thereto. It cannot be concluded that because section 16e provides for an additional fee to be paid by the owners of passenger cars that are used for hire to that paid by owners of passenger cars that are not used for hire, and the above-quoted section of the title uses the words "additional registration fee for passenger motor vehicles," section 16e was intended to be responsive to said clause of the title. This conclusion is forbidden, for the reason that the additional fee mentioned in said clause of the title is to be paid on all automobile passenger cars that have a seating capacity in excess of seven passengers, regardless of whether said cars are used by the owners for hire or not, while section 16e levies an additional fee on every passenger car that is used for hire without reference to the number of passengers it seats, except to determine the amount of the fee.

It follows, then, that it is a reasonable construction of the title to this act to hold that section 16e was enacted in response to the same clause in the title under which section 16a was enacted, and that there was no enactment under the clause of said title that would authorize a tax on all automobile passenger cars in excess of seven passengers, and that there is no contradiction between the title and section 16e.

Can it be said that, because the title does indicate that there is an additional tax on passenger cars with a seating capacity of more than seven passengers, the title is thereby deceptive, in that the legislators were thereby led to believe that no section of the act would provide for an additional tax on all passenger automobiles used for hire? We do not think so. The subject-matter dealt with in section 16e is essentially different from the subject-matter that would have been dealt with by a section levying an additional

tax on passenger automobiles with a seating capacity in excess of seven passengers. Because notice was given by the title that there was a section of the act levying an additional tax on every passenger automobile with a seating capacity in excess of seven passengers, it cannot be said that a legislator was thereby led to believe there would be no section levying an additional tax on every passenger automobile used for hire.

Appellee contends that, while the title does not specifically state that the additional tax is to be levied upon cars with a seating capacity in excess of seven passengers only when such cars are used for hire, yet this is the significance of the term "passenger motor vehicles," and such term clearly implies that only such vehicles carrying passengers for hire are made the subject of the additional tax. We cannot agree with this contention, for the reason that all motor vehicles that carry passengers are universally alluded to as passenger automobiles. The suggestion that an automobile is a seven-passenger car carries to no one the suggestion that it is a vehicle used for commercial purposes. We therefore hold that because the title to chapter 75 is broader than the enactment, in that, while the title suggests that there was a tax on all passenger automobiles with a seating capacity in excess of seven passengers, and there was an omission in the body of the act in this respect, the title did not thereby become deceptive and render any portion of the enactment invalid.

It therefore follows that said section 16e of chapter 75 of the act of the regular session of the Thirty-Eighth Legislature is not subject to the objections made, and as against these objections it is a valid enactment.

The judgment of the lower court is reversed, and the cause here rendered in favor of appellant.

Reversed and rendered.