

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable J. A. Hill, President
West Texas State Teachers College
Canyon, Texas

Dear Sir:

Opinion No. O-1273

Re: Construction of Senate Bills
Nos. 28 and 393, relating to the
authority of various governing
boards of institutions of higher
learning to erect buildings and
issue bonds for the liquidation
of the indebtedness incurred.

We have your letter of August 12, in which you request our opinion on the
several questions propounded, the first of which is-

Does the Board of Regents of the Texas State Teachers Colleges have
authority, under either or both of the above laws, to issue bonds for
the erection of the various types of buildings and facilities usually
found on college campuses? If not, to what type of buildings is the
Board restricted?"

In our opinion Senate Bill #393 expressly and by implication authorizes the
erection of buildings and facilities usually found on college campuses. The
statute before us does not expressly limit the construction of buildings
to that type but enumerates such buildings as dormitories, kitchens, dining
halls, hospitals, libraries, activity buildings, gymnasia, athletic buildings,
stadia and such other buildings as may be needed for the good of the in-
stitution and the moral welfare and social conduct of the students of such
institutions, all of which we think indicates the intent to be that only
such buildings as are commonly found on campuses are authorized to be con-
structed.

Senate Bill #28 authorizes the erection, completion and equipping of dormi-
toies, cottages or stadiums, which likewise are generally found on college
campuses. The only express restriction appearing in either of the two bills
is that such buildings must be revenue producing and selfliquidating. Senate
Bill #28, which provides for the erection of "cottages" does not define
the term and we must assume under the rules of statutory construction that
only such cottages as are essential to the furtherance of the purposes of the
institution are intended to be authorized under this bill.

Your second question is -

"If the Board has such authority, does the '25% of the local fund' clause apply to all such buildings or to those only which are mentioned in Section 1 of Senate Bill #28?"

Section 3 of Senate Bill #28 expressly authorizes the Board to issue their obligations in such sum or sums and upon such terms and conditions as to said Board may seem advisable for the erection, completion and equipping of such dormitories, cottages and stadiums, and to pledge the net rents, fees, revenues and incomes therefrom to the payment of the interest and principal of said obligations. Section 1 thereof expressly provides that in the event the revenues derived from such improvements are insufficient to meet the annual debt requirements, then and in that event the funds may be supplemented from local funds not exceeding 25% for any fiscal year. It is clear to us that the authority to use any part of the local funds for the purpose of paying obligations incurred under the authority of this bill, applies only to such buildings as are authorized under Senate Bill #28. It is well settled that where the language of a statute clearly and distinctly reveals the legislative intent, there is no authorization to look elsewhere for the interpertation of such statute. The courts have held that the legislative intent in the passage of an Act can not be construed against specific language used in the Act. See McCall vs. Lewis, 263 S. W. 325; Moody vs. San Saba County Water Control & Improvement District No. 1, 293 S. W. 845.

You are, therefore, advised that in our opinion the authorization to use "25% of the local funds" for the purpose of supplementing funds pledged to the payment of bonds authorized under this title applies only to buildings which are mentioned in Section 1 of Senate Bill #28.

The third question which you propound is as follows:

"Since the contents of Section 2 of Senate Bill #28 are not recited or referred to in the caption of the bill, is this section valid?"

A careful reading of the caption of Senate Bill #28 reveals that the subject matter of Section 2 is unquestionably omitted therefrom. Speaking generally, a title should be neither broader nor narrower than the body of the Act, but the fact that the title is narrower does not render the Act void, unless the omission is such as to render the title misleading as to that which is actually contained in the enactment. See Lowery vs. Red Cab Company, 262 S. W. 147; Ex parte White, 198 S. W. 583. In this instance we find that the body of the bill presents a subject matter which is in nowise treated in the caption thereof. The caption expressly enumerates dormitories, cottages or stadiums which are buildings of a class entirely distinct from museums, library buildings or the general words following "such other buildings as may be deemed necessary." In applying the doctrine ejusdem

generis, that is, where general words follow specific words, the general words used are descriptive of the subjects treated by the previously used specific words. We think, therefore, that the title of Senate Bill #28 is at variance with the subject of the legislation and it has been held that the title and the body of an Act must deal with the same subject matter and manifest the same legislative intent and purpose. See Commonwealth Insurance Company vs. Finegold, 183 S. W. 833. The courts have further held that a title is deceptive when it imports a subject different from that which the Act relates and it would, therefore, be misleading if the body of the Act contained subject matter that was not included in the title. We do not think that this is an immaterial or unimportant discrepancy between the title and the body, and are of the opinion that such discrepancy is fatal to the validity of Section 2 of Senate Bill #28.

Having therefore concluded that Section 2 is invalid, we do not think it necessary to go further into your questions relating to that Section of the Act.

We must point out that Section 11 thereof provides in part that "should any section or provision * * * be held invalid, it is hereby declared to be the legislative intent that the remaining section * * * shall not be affected thereby but will remain effective after omitting such invalid provisions or parts."

Trusting that the foregoing satisfactorily answers your letter, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Clarence E. Crowe

By
Clarence E. Crowe
Assistant

CEC:s

APPROVED AUG. 26, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN