

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 8, 1947

Hon. Charles A. Tosch  
County Auditor  
Dallas County  
Dallas, Texas

Opinion No. V-131

Re: Validity of House Bill No. 377, 49th Legislature.

Dear Mr. Tosch:

Your recent request for an opinion reads as follows:

"As County Auditor for Dallas County, I would greatly appreciate an opinion from you as to the validity of this bill. A question has been raised regarding its application to counties, and cities, based upon the following:

"The Act in question is Chapter 357, Page 627 of the Acts of the 49th Legislature, and appears as Article 4413 (31) of Vernon's Texas Civil Statutes.

"The original bill, styled House Bill No. 377, was first introduced in the House, and the body of the Act provides that the following shall give preference to war veterans:

"' . . . every public department, commission, board and governmental agency and upon all public works of this state . . . '

"In the caption of the Act the enumeration of the public bodies is as follows:

"' . . . all public departments, commissions, board, and all other governmental agencies and upon public works of this state and of all counties, cities, towns, and school districts thereof . . . '

"It is apparent that the caption of the
Act indicates that the bill provides for its
application to cities, towns, counties and
school districts, whereas there is no such
provision in the body of the Act itself.

"A study of the legislative history of
this Act makes me doubt that the Legislature
of the State of Texas intended that the State
Veteran's Preference Act should apply to cities,
towns, counties, and school districts.

"I shall greatly appreciate your review-
ing this Act and its history and letting me
have your opinion as to whether or not the
bill is valid as to its application to coun-
ties, cities, towns and school districts."

From the brief submitted with this opinion re-
quest, we learn:

"The bill was referred to the Committee
on State Affairs. On April 17, 1945, the bill
was laid before the House on second reading,
and a committee amendment was offered strik-
ing out all below the enacting clause and sub-
stituting substantially the same provisions
that now appear in the act, except that the
body of the bill provided 'and upon all pub-
lic works of this State and of counties, cit-
ies, towns, and school districts thereof.'
The amendment was adopted. The constitutional
rule requiring bills to be read on three sep-
arate days was then suspended, and the bill
was placed on its third reading and final
passage.

"On May 31, 1945, House Bill 377 was
laid before the Senate on its second reading
and passage to third reading. Senator Martin
offered an amendment, striking out all below
the enacting clause and substituting substan-
tially the same provisions except that the
reference to counties, cities, towns and
school districts was eliminated from the
body of the bill. The amendment was adopted
and the bill passed on third and final read-
ing.

"The House of Representatives must have concurred in the Senate amendment as the Act now reads exactly as amended in the Senate. The Senate also ordered the caption of the bill corrected to conform with the amendment but apparently the clerk failed to eliminate the reference to counties, cities, towns and school districts."

It is evident that the title to House Bill No. 377, 49th Legislature, above, is broader than the body of the bill. The title to the bill provides " . . . . for preference of employment in all public departments, commissions, boards, and all other governmental agencies, and upon public works of this State and of all counties, cities, towns and school districts thereof . . . " The body of the bill does not extend the preference of employment upon <u>public works of all counties, cities, towns, and school districts</u> of the State.

Section 35, Article III of the Constitution of this State, that bears on this question, reads:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act, which shall not be expressed in the title, such an Act shall be void only as to so much thereof as shall not be so expressed."

In the Texas case of Lowery, Tax Collector vs. Red Cab Company, 262 S. W. 147, (application for writ of error refused) the Court, in determining the constitutionality of a statute whose title was broader than the enactment, said:

"We therefore hold that because the title to Chapter 75 (Acts 38th Legislature, 1923) is broader than the enactment, in that, while the title suggests that there was a tax on all passenger automobiles with a seating capacity in excess of seven passengers, and there was an omission in the body of the Act in this respect, the title did not thereby become deceptive and render any portion of the enactment invalid."

The Court of Civil Appeals, in arriving at this decision, followed the two established rules that

Section 35 of Article III of the Texas Constitution should be given a liberal and not a strict construction, and that the manifest purpose of this provision of the Constitution is that when the caption of a bill is read, it will give the members of the Legislature and the public a reasonable notice of the object and scope of the law, 39 Tex. Jur., page 97.

It is stated in Volume 25 of Ruling Case Law, Section 109, page 866:

"That because the title to a legislative enactment is broader than the enactment, that is, includes several subjects germane to the general subject legislated upon, but omits one of such subjects from the body of the act, this fact will not render the enactment void, solely because of such omission. It will do so, however, if it clearly appears that because of such omission the title was thus rendered misleading as to what was really enacted."

The weight of authority outside of Texas supports the proposition that it is not an objection to the sufficiency of a title if such title is broader than the body of the Act, so long as the title fairly indicates the scope and purpose of the Act. A person reading it should be able to expect legislation of the character contained in the body of the Act.

The Maryland Court of Appeals, in the case of Mt. Vernon Woodberry Cotton Duck Company vs. Frankfort Marine Accident and Plate Glass Insurance Company, 75 Atlantic 105, said:

"The title of the Act of 1902 is claimed to be misleading also because it indicates that the Act is to apply to the whole State, while in the body of the Act many of the counties in the State are excepted from its operation. Much of the legislation in this State has been enacted in the same way, and we know of no instance in which its constitutionality has been seriously questioned on that ground."

Maryland's Constitution makes the same requirement as Section 35, Article III of the Texas Constitution.

The Missouri Supreme Court, in the case of State of Missouri vs. Frederick C. Burgdoerfer, 17 S. W. 646, in construing the constitutionality of a bill whose title was broader than the body of the Act, held that such bill would not be set aside on the constitutional grounds that its subject is not clearly expressed in its title, unless the inference is irresistible that the title misled those who voted for it. The bill's title read, "An Act to prohibit book-making and pool-selling." The body of the bill only partially prohibited and regulated such practice.

The same rule was announced by the Michigan Supreme Court in the case of Boyer vs. Grand Rapids, 83 Northwestern 1241, as follows:

"It is true the body of an act must not, under our Constitution, contain provisions contrary to, or not germane to, the subject matter indicated in the title; but we do not understand the body of the act must contain all the provisions it might contain under the title to save the act from being unconstitutional."

The question that we are called upon to decide is whether the title of House Bill No. 377, 49th Legislature, admittedly broader than the Act itself, can stand up under the constitutional requirement that a title of an Act must not deceive or mislead the legislators, and that it gives reasonable notice of the subject matter of the statute to the Legislature and to the people. It is our opinion that the caption here considered meets these requirements. Even if there was any consideration given the proposition that the broader title was false and deceptive, and therefore insufficient, we are of the opinion that in the final analysis, because of the following rule, the party or court considering the statute must, as we do, find that this bill is constitutional.

"Every reasonable presumption must be made in favor of the validity of a statute and before an Act will be declared unconstitutional it must clearly appear that its validity cannot be supported by any reasonable intendment or allowable presumption. These principles apply to every inquiry made into the constitutional validity of every

character of legislative enactments." Gulf Insurance Company vs. James, 185 S. W. (2d) 966, State vs. The Praetorians, 186 S. W. (2d) 973, Koy vs. Schneider, 221 S. W. 880.

While we hold that House Bill No. 377, 49th Legislature, is constitutional, it necessarily follows that the body of the bill is controlling. As the preference of employment of veterans was not extended by this act to the public works of counties, cities, towns, and school districts of the State, the act does not apply to veterans who seek employment in these subdivisions.

## SUMMARY

While the title of House Bill No. 377, (Veteran's Preference Act), 49th Legislature, is broader than the body of the enactment, it was not such as to deceive or mislead the legislators who voted for the bill, and therefore such condition does not render the act unconstitutional. Since the body of the act did not extend the preference of employment of veterans on the public works of counties, cities, towns, and school districts, and since the body of the act is controlling, the act does not apply to veterans who seek employment in these subdivisions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Charles P. Atkinson
Charles P. Atkinson
Assistant

APPROVED APR. 10, 1947

Price Daniel
ATTORNEY GENERAL

CPA:jmc:mrj